1
2
3
4

LISA KOBIALKA (State Bar No. 191404)
lkobialka@kramerlevin.com
KRAMER LEVIN NAFTALIS & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: (650) 752-1700
Facsimile: (650) 752-1800

5

*Attorneys for Plaintiff*
Business Solutions, LLC

6 **IN THE UNITED STATES DISTRICT COURT**

7 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 8<br>9 BUSINESS SOLUTIONS, LLC, a<br>Delaware Limited Liability Company,<br><br>10<br>11 Plaintiff,<br>12 v.<br>13 BANIR GANATRA, an individual,<br>14 ALLAN JABCZYNSKI, an individual,<br>AMERICOR FUNDING, INC. a<br>15 Delaware Corporation, BRANDREP,<br>LLC, a Delaware Limited Liability<br>16 Company, and BRANDREP<br>17 HOLDINGS, LLC, a Delaware Limited<br>18 Liability Company.<br>19 Defendants. | Case No.: 8:18-cv-01426<br><br>**COMPLAINT FOR**<br><br>1. MISAPPROPRIATION OF TRADE SECRETS UNDER 18 U.S.C. § 1836,<br>2. AIDING AND ABETTING MISAPPROPRIATION OF TRADE SECRETS UNDER 18 U.S.C. § 1836(b)<br>3. MISAPPROPRIATION OF TRADE SECRETS UNDER CALIFORNIA CIVIL CODE § 3426, *ET SEQ.*<br>4. AIDING AND ABETTING MISAPPROPRIATION OF TRADE SECRETS UNDER CALIFORNIA CIVIL CODE § 3426, *ET SEQ.*<br>5. BREACH OF WRITTEN CONTRACT<br>6. INDUCEMENT OF BREACH OF CONTRACT<br>7. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS<br>8. UNFAIR COMPETITION UNDER COMMON LAW AND CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, *ET* |

20
21
22
23
24
25
26
27
28

*SEQ.*

9.  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

10. CONVERSION

**DEMAND FOR JURY TRIAL**

**COMPLAINT**

Plaintiff Business Solutions, LLC ("Business Solutions") files this Complaint for: (1) misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, (2) aiding and abetting of misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, (3) misappropriation of trade secrets under California Civil Code § 3426, et seq., (4) aiding and abetting of misappropriation of trade secrets under California Civil Code § 3426, et seq., (5) breach of written contract, (6) inducement of breach of contract, (7) intentional interference with contractual relations, (8) unfair competition under California Business and Professions Code § 17200, *et seq.*, (9) breach of the implied covenant of good faith and fair dealing, and (10) conversion. Business Solutions asserts Counts I- IV, VI-VIII, and X against Defendant Banir Ganatra ("Ganatra"); Counts I-V, VII-X against Defendant Allan Jabczynski ("Jabczynski"); Counts I-IV, VI, VII, and VIII against Defendant Americor Funding, Inc. ("Americor") and Counts I-IV and VIII against Defendants BrandRep, LLC and BrandRep Holdings, LLC (together, "BrandRep"). All defendants are referred to collectively as "Defendants" hereinafter.

Business Solutions is informed and believes that Ganatra through his agents has conspired to harass, threaten, and intimidate Business Solutions and its owner, Deirdre Mammano, with the goal of tortiously interfering with Business Solutions' business and Ms. Mammano's ability to do business and work. Ganatra has a history of litigation, and lawsuits have been filed against him and his companies asserting theft of trade secrets, fraud, and breach of fiduciary duty. Ganatra, under a company in which he has ownership, instituted a case against Ms. Mammano, Business Solutions, and Mr. Chad Ruskey, in the Chancery Court of the State of Delaware, based in part on information that Ganatra wrongfully obtained from Business Solutions. Around the same time the Delaware action was filed, a fair amount of suspicious activities have

occurred to Business Solutions and Ms. Mammano including unlawfully accessing Business Solutions' work computers, apparently accessing all of Ms. Mammano's personal and business emails and passwords, changing her administrative access to her business emails, and interfering with her email accounts and the functioning of her business systems.  Separately, a stranger interfered with and was taking pictures of Ms. Mammano's car while parked in Business Solutions' parking lot two days before Business Solutions was served with the Delaware action.  This stranger had a "getaway" driver in a car with no license plates and darkly tinted windows, and verbally threatened Ms. Mammano, claiming that she was in "big trouble" and was "going down."  The stranger would not identify himself, and he did not leave until Ms. Mammano called a colleague from the office to come to her aid.

Business Solutions is informed and believes that, while Jabczynski was employed by Business Solutions dba Ad.IQ, Ganatra offered Jabczynski a new position at Americor.  Further, Business Solutions is informed and believes that Ganatra instructed Jabczynski to steal trade secrets from Business Solutions when Jabczynski was seeking employment from one of Ganatra's companies, including Business Solutions' valuable, proprietary customer lists.  Business Solutions is informed and believes that Jabczynski did as directed by Ganatra, and covertly stole Business Solutions' customer information before leaving the company, bringing that valuable information to the other Defendants so they could improperly use that Business Solutions information.  In so doing, Jabczynski and Ganatra conspired to misappropriate and convert Business Solutions' trade secrets.  Jabczynski's actions breached his various agreements with Business Solutions, as well as his implied covenant of good faith and fair dealing with Business Solutions.

Business Solutions seeks injunctive relief to prevent further irreparable harm from Defendants' misconduct as well as damages and other equitable relief.

COMPLAINT                                                      CASE NO.: 8:18-cv-1426

## THE PARTIES

1.     Plaintiff Business Solutions is a Delaware limited liability company with its principal place of business at 3187 Red Hill Avenue, Suite 250, Costa Mesa, California 92626.

2.     Upon information and belief, Defendant Ganatra is the principal of BrandRep and resides within Newport Coast, California.

3.     Upon information and belief, Defendant Jabczynski is an employee of Americor and resides within the Central District of California.

4.     Upon information and belief, Americor is a Delaware corporation with a principal place of business at 18201 Von Karmen Ave, 7th Floor, Irvine, CA 92612.

5.     Upon information and belief, BrandRep Holdings, LLC is a Delaware limited liability company with a principal place of business at 16812 Armstrong Avenue, Suite 200, Irvine, California.

6.     Upon information and belief, BrandRep, LLC is a Delaware limited liability company with a principal place of business at 16812 Armstrong Avenue, Suite 200, Irvine, California.

## JURISDICTION AND VENUE

7.     This action arises under the Defend Trade Secrets Act, 18 U.S.C. § 1836. This Court has original jurisdiction over this controversy for misappropriation of trade secrets claims pursuant to 18 U.S.C. § 1836(c) and 35 U.S.C. § 1331.  This Court has supplemental jurisdiction over the controversy for all other claims asserted herein pursuant to 28 U.S.C. § 1367 because they are related to the Defend Trade Secrets Act claims that form part of the same case and controversy, as set forth below.

8.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in this District, and/or at least a substantial part of Defendants' tortious conduct giving rise to the claims occurred in this District.

9.      This Court has personal jurisdiction over Defendants.  Upon information and belief, Defendants Ganatra and Jabczynski reside within this Judicial District and Defendants Americor and BrandRep have a principal place of business within this Judicial District.  In addition, Defendants have, and continue to, *inter alia*, misappropriate Business Solutions' trade secrets and confidential information in this District.  In addition, the Court has personal jurisdiction over Defendants because they have established no less than minimum contacts with the forum and the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

## BUSINESS SOLUTIONS' PROPRIETARY
## AND CONFIDENTIAL INFORMATION AND TRADE SECRETS

10.     Business Solutions is a brand management and social media growth agency.  Business Solutions' offerings include Social Media Management, Brand Management, Website Development, Talent Management, Business Loans, Video Marketing, Social Media Widgets and Voice Search.

11.     Business Solutions has spent considerable time and effort in building its business, its proprietary software, its reputation and client base.  Business Solutions has developed proprietary and confidential business methods to effectively identify for companies how to employ their brand in the marketplace.  As a result of Business Solutions' efforts, Business Solutions has a client base that Business Solutions maintains as its highly confidential and proprietary information.  Furthermore, Business Solutions has developed its own proprietary software called Co-Create platform for its internal use, which employs highly confidential business methods, including, *inter alia*, proprietary methods of scoring businesses based on a digital audit, based on intellectual property Ms. Mammano owned and developed.  Business Solutions' confidential and proprietary business methods, client list, client revenue information, and aspects of its Co-Create platform and data aggregation are the trade secrets at issue in this case ("Trade Secrets").

12.     Business Solutions' Trade Secrets are extremely valuable to Business Solutions and provide a significant advantage for companies trying to do business in the marketplace. Business Solutions is the leader and first to market, often with cutting edge strategies and technologies for brand management.  Business Solutions utilizes an IQ score for each customer account, social media optimization strategies, premium responsive websites and branded videos.  Business Solutions has invested substantial resources to develop its Trade Secrets, and this proprietary and confidential information has helped Business Solutions become a leading brand management agency.

13.     Business Solutions has taken extensive measures to protect its Trade Secrets.  Examples of measures that Business Solutions takes to maintain the secrecy and confidentiality of its Trade Secrets includes requiring its employees with access to the Trade Secrets to sign a Confidentiality Information, Assignment and Non-Solicitation Agreement (the "Agreement") with itself and its affiliates (together, the "Company").

14.     The Agreement includes multiple provisions to protect Business Solutions' Trade Secrets:

> **2. Duties.** … During the Relationship, I will devote my entire best business efforts to the interests of the Company and will not engage in other employment or in any activities detrimental to the best interests of the Company without the prior written consent of the Company.
>
> \* \* \*
>
> **3. Confidential Information**.
>
> a. Protection of Information. I understand that during the Relationship, the Company intends to provide me with information, including Confidential Information (as defined below), without which I would not be able to perform my duties to the Company. I agree, at all times during the term of the

COMPLAINT                                          CASE NO.: 8:18-cv-1426

Relationship and thereafter, to hold in strictest confidence, and not to use, except for the benefit of the Company to the extent necessary to perform my obligations to the Company under the Relationship, and not to disclose to any person, firm, corporation or other entity, without written authorization from the Company in each instance, any Confidential Information that I obtain, access or create during the term of the Relationship, whether or not during working hours, until such Confidential Information becomes publicly and widely known and made generally available through no wrongful act of mine or of others who were under confidentiality obligations as to the item or items involved. I further agree not to make copies of such Confidential Information except as authorized by the Company.

* * *

**6. Company Property; Returning Company Documents.** … I agree that, at the time of termination of the Relationship, I will deliver to the Company (and will not keep in my possession, recreate or deliver to anyone else) any and all devices, records, data, notes, reports, proposals, lists, correspondence, specifications, drawings, blueprints, sketches, laboratory notebooks, materials, flow charts, equipment, other documents or property, or reproductions of any of the aforementioned items developed by me pursuant to the Relationship or otherwise belonging to the Company, its successors or assigns.

**7. Termination Certification.** In the event of the termination of the Relationship, I agree to sign and deliver the "Termination Certification" attached hereto as Exhibit C; however, my failure to sign and deliver the Termination Certification shall in no way diminish my continuing obligations under this Agreement.

**8. Notice to Third Parties**. I agree that during the periods of time during which I am restricted in taking certain actions by the terms of this Agreement (the "Restriction Period"), I shall inform any entity or person with whom I may seek to enter into a business relationship (whether as an owner, employee, independent contractor, or otherwise) of my contractual obligations under this Agreement. … I further agree that, upon

written request by the Company, I will respond to the Company in writing regarding the status of my contract or proposed contract with any party during the Restriction Period.

**b. Other Parties**. I agree that during the term of the Relationship, I will not negatively influence any of the Company's clients, licensors, licensees or customers from purchasing Company products or services or solicit or influence or attempt to influence any client, licensor, licensee, customer or other person either directly or indirectly, to direct any purchase of products and/or services to any person, firm, corporation, institution or other entity in competition with the business of the Company. In addition, I acknowledge that the Company has valuable Trade Secrets (as defined by applicable law from time to time) to which I will have access during the term of the Relationship. I understand that the Company intends to vigorously pursue its rights under applicable Trade Secrets law if, during a period of twelve (12) months immediately following the termination of the Relationship for any reason, whether with or without cause, I solicit or influence or attempt to influence any client, licensor, licensee, customer or other person either directly or indirectly, to direct any purchase of products and/or services to any person, firm, corporation, institution or other entity in competition with the business of the Company. Thereafter, the Company intends to vigorously pursue its rights under applicable Trade Secrets law as the circumstances warrant.

* * *

**13 f. Remedies**. I acknowledge and agree that violation of this Agreement by me may cause the Company irreparable harm, and therefore I agree that the Company will be entitled to seek.

15.     Business Solutions also signs a Nondisclosure of Confidential Information Agreement with all of its employees upon the termination of their employment relationship, which includes similar confidentiality obligations.

7

16.     Business Solutions provides all of its employees with an Employee Handbook.  The Employee Handbook further confirms that Business Solutions owns its confidential information and that employees are prohibited from taking such confidential information out of Business Solutions' computers.  Jabczynski signed an Acknowledgment, acknowledging that Business Solutions provided him with the Handbook and that he read and understood it.

17.     Additional measures that Business Solutions takes to protect its Trade Secrets include, *inter alia*, (a) utilizing secure computer systems with restricted access, firewalls, private networks and password protection to ensure the security of Business Solutions' Trade Secrets and information; (b) limiting access to Business Solutions' electronic databases only to those personnel who have promised and/or who are legally obligated to protect its Trade Secrets; (c) physically securing Business Solutions' offices and facilities, including through use of video cameras, and otherwise controlling access to its premises so as to further safeguard Business Solutions' Trade Secrets; (d)  reminding departing employees of their confidentiality obligations to Business Solutions and collecting any Business Solutions property they may have. These examples of security measures are not exhaustive.  Business Solutions has expended significant amounts of time, effort and money to preserve and maintain the confidentiality of its Trade Secrets.

18.     Business Solutions' Trade Secrets derive significant independent economic value, whether actual and/or potential, from not being generally known to the public or to other persons who can obtain economic value from their use or disclosure.  Business Solutions also derives substantial business advantage and significant economic benefit from both maintaining the ownership of and confidentiality of its Trade Secrets.

19.     If Business Solutions' Trade Secrets, which Business Solutions has maintained as confidential information at all times, were disclosed to any outside

8

parties who may benefit from such information and/or to the public, such disclosure would cause substantial economic harm to Business Solutions.

### GANATRA OFFERS JABCZYNSKI EMPLOYMENT CONDITIONED ON HIS THEFT OF BUSINESS SOLUTIONS' TRADE SECRETS

20.     Business Solutions employed Jabczynski from about November 8, 2017 to July 5, 2018.  Jabczynski held an inside sales position, responsible for business development and online marketing strategy consulting.  Business Solutions was Jabczynski's employer, was listed as such on his tax documents, and signed his paychecks.  As a condition of his employment, Jabczynski signed the Agreement with Business Solutions dba Ad.IQ and its affiliates, agreeing *inter alia*, that "[a]s a condition of [his] becoming employed" he would preserve the confidentiality of Business Solutions' Trade Secrets, not disclose the Trade Secrets to any third parties, and not take confidential information with him after his employment by Business Solutions ends.

21.     Business Solutions entrusted Jabczynski with access to its Trade Secrets, including access to Business Solutions and its affiliates' confidential information and he had access to Business Solutions' Co-Create platform.

22.     Upon information and belief, Jabczynski applied for employment with Americor.  Ganatra learned of Jabczynski's interest in joining Americor and knew of Jabczynski's employment.  Desiring to obtain Business Solutions' Trade Secrets, Ganatra offered Jabczynski a position with Americor, which included having Jabczynski steal Business Solution's Trade Secrets.  Ganatra instructed Jabczynski to steal Business Solutions' Trade Secrets in his capacity as principal and for the benefit of Americor and BrandRep.  Upon information and belief, Ganatra has a history of litigation, as BrandRep has another trade secrets misappropriation litigation pending

1  against it, and Ganatra and BrandRep have been party to civil litigations for fraud, theft
2  of trade secrets, and/or breach of contract.

3      23.    Upon information and belief, while still employed at Business Solutions,
4  Jabczynski used his Business Solutions login credentials and computer system to
5  access Business Solutions' proprietary Co-Create platform.  Jabczynski systematically
6  began collecting extensive screenshots of Business Solutions' proprietary information,
7  including Business Solutions' customer list.  Jabczynski took screen shots of the
8  Business Solutions' Trade Secrets and, on information and belief, transferred those
9  Trade Secrets to Ganatra and Americor.  Jabczynski's theft of these Trade Secrets was
10  unlawful and a violation of his agreements with and obligations to Business Solutions.
11  On information and belief, Ganatra instructed Jabczynski to steal these Trade Secrets
12  and Ganatra, Americor and BrandRep accepted these stolen Trade Secrets with full
13  awareness that Jabczynski stole them from Business Solutions in violation of his
14  agreements with Business Solutions.

15      24.    On June 30, 2018, which was a Saturday, Jabczynski went to Business'
16  Solutions' office, which was unusual, because it was days before he resigned and sales
17  representatives generally do not come in on weekends.

18      25.    Jabczynski's attempted to conceal his theft of Business Solutions' Trade
19  Secrets by deleting the screen shots he had taken of the Trade Secrets.  Business
20  Solutions recovered these deleted files from its computers.  The full extent of
21  Jabczynski's theft of Trade Secrets, and the harm Defendants have caused to Business
22  Solutions therefrom, is still being investigated and unknown at this time due to
23  Jabczynski's efforts to conceal his activities and destroy all evidence of his theft.

24      26.    Under information and belief, Ganatra caused Jabczynski to be hired as an
25  employee of Americor in exchange for stealing the Trade Secrets from Business
26  Solutions.  On information and belief, Ganatra and BrandRep are now using Business
27  Solutions' Trade Secrets that they wrongfully obtained.

28

COMPLAINT                                                    CASE NO.: 8:18-cv-1426

27.     Defendants' misconduct has irreparably harmed Business Solutions and will continue to do so if they are not enjoined from (i) immediately turning over all confidential information improperly obtained from Business Solutions, (ii) disclosing Business Solutions' Trade Secrets, (iii) using Business Solutions' Trade Secrets to compete directly or indirectly with Business Solutions, (iv) utilize Business Solutions' Trade Secrets in any manner, (v) diverting Business Solutions' business opportunities and customers by using Business Solutions' Trade Secrets, and (vi) soliciting Business Solutions' customers or potential customers using the Trade Secrets.

## COUNT I
### (Misappropriation of Trade Secrets pursuant to 18 U.S.C. § 1836(b))
### (All Defendants)

28.     Business Solutions repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

29.     Business Solutions' Trade Secrets derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

30.     Business Solutions' Trade Secrets are confidential and are the subject of Business Solutions' efforts that were reasonable under the circumstances to maintain their secrecy.  Business Solutions is informed and believes that Defendants misappropriated such confidential Trade Secrets by disclosing them and/or using them.

31.     Business Solutions is informed and believes that Defendants misappropriated the Trade Secrets while being aware that the Trade Secrets belong to Business Solutions and of Jabczynski's duties and obligations to Business Solutions to limit the disclosure and use of such Trade Secrets only for the benefit of Business Solutions and that such disclosure was in violation of his agreements with and obligations to Business Solutions.

COMPLAINT                                    CASE NO.: 8:18-cv-1426

32.     Defendants' misappropriation has caused and continues to cause Business Solutions damages and irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting Defendants from further use or disclosure of Business Solutions' Trade Secrets is necessary to provide Business Solutions with complete relief.

33.     Defendants' misappropriation is willful and malicious and thereby entitles Business Solutions to an award of exemplary damages.

## COUNT II
**(Aiding and Abetting Misappropriation of Trade Secrets pursuant to 18 U.S.C. § 1836(b))**
**(Ganatra, Americor and BrandRep)**

34.     Business Solutions repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

35.     Business Solutions' Trade Secrets derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.  Business Solutions' Trade Secrets are confidential and are the subject of Business Solutions' efforts that were reasonable under the circumstances to maintain their secrecy.

36.     Business Solutions is informed and believes that Ganatra, in his capacity as principal and for the benefit of Americor and BrandRep aided and abetted Jabczynski in his misappropriation of Business Solutions' Trade Secrets by directing Jabczynski to steal Business Solutions' Trade Secrets, inducing him to do so by conditioning his offer of employment to Jabczynski on the theft of the Trade Secrets, by causing Americor to hire Jabczynski, and by causing Americor and BrandRep to misuse the Trade Secrets.

COMPLAINT                                                      CASE NO.: 8:18-cv-1426

37.     Ganatra, Americor, and BrandRep's aiding and abetting of Jabczynski's misappropriation of the Trade Secrets has caused and continues to cause damages and irreparable injury to Business Solutions.

38.     Ganatra, Americor, and BrandRep's aiding and abetting of Jabczynski's misappropriation of the Trade Secrets is willful and malicious, thereby entitling Business Solutions to an award of exemplary damages.

39.     Ganatra, Americor, and BrandRep's aiding and abetting of Jabczynski's misappropriation of the Trade Secrets has caused and will continue to cause Business Solutions irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting Ganatra, Americor, and BrandRep from further aiding and abetting Jabczynski's use or disclosure of Business Solutions' Trade Secrets is necessary to provide Business Solutions with relief.

## COUNT III
### (Misappropriation of Trade Secret pursuant to California Civil Code § 3426, *et seq.*)
### (All Defendants)

40.     Business Solutions repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

41.     As set forth above, Ganatra directed Jabczynski and conditioned his offer of employment to Jabczynski on Jabczynski's theft of Trade Secrets from Business Solutions, and Jabczynski stole Trade Secrets from Business Solutions and provided them to the other Defendants.

42.     Business Solutions' Trade Secrets derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

43.     Business Solutions' Trade Secrets are confidential and are the subject of Business Solutions' efforts that were reasonable under the circumstances to maintain

their secrecy.  Business Solutions is informed and believes that Defendants misappropriated such confidential Trade Secrets by disclosing them and/or using them.

44.     Business Solutions is informed and believes that Defendants misappropriated the Trade Secrets while being aware that the Trade Secrets belong to Business Solutions and of Jabczynski's duties and obligations to Business Solutions to limit the disclosure and use of such Trade Secrets only for the benefit of Business Solutions and that such disclosure was in violation of his obligations to Business Solutions and his duty of the implied covenant of good faith and fair dealing.

45.     Defendants' misappropriation has caused and continues to cause Business Solutions damages and irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting Defendants from further use or disclosure of Business Solutions' Trade Secrets is necessary to provide Business Solutions with complete relief.

46.     Defendants' misappropriation is willful and malicious and thereby entitles Business Solutions to an award of exemplary damages.

## COUNT IV
### (Aiding and Abetting Misappropriation of Trade Secrets pursuant to California Civil Code § 3426, *et seq.*)
### (Ganatra, Americor and BrandRep)

47.     Business Solutions repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

48.     Business Solutions' Trade Secrets derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.  Business Solutions' Trade Secrets are confidential and are the subject of Business Solutions' efforts that were reasonable under the circumstances to maintain their secrecy.

14

49.     Business Solutions is informed and believes that Ganatra, in his capacity as principal and for the benefit of Americor and BrandRep aided and abetted Jabczynski in his misappropriation of Business Solutions' Trade Secrets by directing Jabczynski to steal Business Solutions' Trade Secrets, inducing him to do so by conditioning his offer of employment to Jabczynski on the theft of the Trade Secrets, by causing Americor to hire Jabczynski, and by causing Americor and BrandRep to misuse the Trade Secrets.

50.     Ganatra, Americor, and BrandRep's aiding and abetting of Jabczynski's misappropriation of the Trade Secrets has caused and continues to cause Business Solutions damages and irreparable injury.

51.     Ganatra, Americor, and BrandRep's aiding and abetting of Jabczynski's misappropriation of the Trade Secrets is willful and malicious, thereby entitling Business Solutions to an award of exemplary damages.

52.     Ganatra, Americor, and BrandRep's aiding and abetting of Jabczynski's misappropriation of the Trade Secrets has caused and will continue to cause Business Solutions irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting Ganatra, Americor, and BrandRep from further aiding and abetting Jabczynski's use or disclosure of Business Solutions' Trade Secrets is necessary to provide Business Solutions with relief.

53.     Business Solutions' Trade Secrets include trade secrets and confidential information that derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

54.     Business Solutions' Trade Secrets that are confidential and trade secrets is the subject of efforts that were reasonable under the circumstances to maintain their secrecy.

15

## COUNT V
### (Breach of Written Contract)
### (Jabczynski)

55.     Business Solutions repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

56.     Jabczynski entered numerous agreements with Business Solutions and its affiliates in connection with his employment, which are valid and enforceable contracts with Business Solutions.

57.     Business Solutions has duly performed all conditions, covenants, and promises required on its part to be performed pursuant to the Agreement.

58.     Jabczynski breached his contractual obligations to Business Solutions under the Agreement by, *inter alia*, failing to adhere to the express confidentiality provisions contained within such agreements, taking Business Solutions' trade secrets and disclosing them to the other Defendants.

59.     Jabczynski signed a Termination Certification which included his express agreement to "preserve as confidential all trade secrets, confidential knowledge, data or other proprietary information relating to products, processes, known-how, designs, formulas,… computer programs, data bases, customer lists, business plans, financial information or other subject matter pertaining to any business" of Business Solutions and its affiliates, its employees, consultants and clients.

60.     As a direct and proximate result of Jabczynski's breach of his agreements, Business Solutions has incurred and continues to incur damages and irreparable injury.

61.     As specified in at least one of his agreements, Jabczynski agreed to and acknowledged that any violation of his agreements would cause "the Company irreparable harm."

COMPLAINT                                              CASE NO.: 8:18-cv-1426

## COUNT VI
### (Inducement of Breach of Contract)
### (Ganatra and Americor)

62.     Business Solutions repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

63.     Business Solutions and Jabczynski entered into a valid and enforceable Agreement for employment.

64.     On information and belief, Ganatra and Americor knew of the Agreement between Jabczynski and Business Solutions at least as early as the time period during which Jabczynski began discussing potential employment at Americor, while still employed at Business Solutions.

65.     On information and belief, Ganatra and Americor intended that Jabczynski breach his Agreement with Business Solutions by collecting and taking confidential and proprietary trade secret information that Jabczynski was contractually bound to maintain confidential and not disclose or misuse, and then keeping that information for his benefit following his resignation and providing that information to Ganatra and Americor to obtain a competitive advantage.

66.     On information and belief, Ganatra, on behalf of himself, and Americor, solicited Jabczynski to breach his contract by misappropriating Business Solutions' Trade Secrets in this way, and Jabczynski acted accordingly.  Jabczynski's conduct was a breach of his contract, as alleged herein, incorporated herein by reference.

67.     Ganatra's and Americor's inducement of Jabczynski's breach has caused and continues to cause Business Solutions to suffer damages and irreparable injury.

17

## COUNT VII
### (Intentional Interference with Contractual Relations)
### (Ganatra and Americor)

68.     Business Solutions repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

69.     Business Solutions and Jabczynski entered into a valid and enforceable agreements relating to his employment.

70.     On information and belief, Ganatra and Americor knew that Jabczynski was employed by Business Solutions and as a result thereof, had obligations, including confidentiality obligations to Business Solutions due to his employment, including the obligations set forth in the Agreement.

71.     On information and belief, Ganatra and Americor induced Jabczynski to breach his obligations owed to Business Solutions by offering him employment conditioned upon and directing Jabczynski to obtain and provide them with information that Jabczynski was contractually bound to maintain confidential and not disclose or misuse.

72.     On information and belief, Ganatra and Americor intended to have Jabczynski violate his obligations to Business Solutions.

73.     Jabczynski's breach has caused and continues to cause Business Solutions to suffer damages and irreparable injury.

74.     Ganatra and Americor's conduct was a substantial factor in causing that harm to Business Solutions.

## COUNT VIII
### (Unfair Competition pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.*)
### (All Defendants)

75.     Business Solutions repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

76.     By committing the acts and practices alleged in this Complaint, Defendants have violated California's Unfair Competition Laws engaging in unfair, deceptive, untrue or misleading acts.  For example, Defendants misappropriated Business Solutions' Trade Secrets in violation of 18 U.S.C. § 1836 and California Civil Code § 3426.

77.     Business Solutions is informed and believes Defendants' actions are and will continue to be willful and deliberate.  As a direct and proximate result of such actions by Defendants, Business Solutions has incurred and continues to incur damages and irreparable injury, including, without limitation, the loss of sales and profits it would have earned but for Defendants' actions, interference with Business Solutions' relationships with customers and potential customers.

78.     Business Solutions is informed and believes that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from their acts of unfair competition.

## COUNT IX
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)
### (Jabczynski)

79.     Business Solutions repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

80.     Jabczynski's Agreement is a valid and enforceable contract with Business Solutions.

81.     Jabczynski owed Business Solutions the duty and implied covenant of good faith and fair dealing under the Agreement.

82.     Business Solutions has duly performed all conditions required on its part to be performed pursuant to the Agreement.

83.     Jabczynski breached his duties and the implied covenant of good faith and fair dealing he owed Business Solutions by, *inter alia*, stealing Business Solutions'

19

confidential Trade Secrets and delivering them to Defendants and attempt to steal Business Solutions' actual and potential clients using the Trade Secrets.

84.     As a direct and proximate result of Jabczynski's breaches of his duty and implied covenant of good faith and fair dealing owed to Business Solutions, Business Solutions has incurred and continues to incur damages and irreparable injury, including without limitation, the loss of sales and profits it would have earned but for Jabczynski's actions.

## COUNT X
### (Conversion)
### (Ganatra, BrandRep and Jabczynski)

85.     Business Solutions repeats, realleges, and incorporates by reference, as if fully set forth herein, the allegations of the preceding paragraphs, as set forth above.

86.     At all relevant times herein, Business Solutions was and remains the owner of the Trade Secrets, which Ganatra, BrandRep and Jabczynski have willfully and improperly used, misappropriated, disclosed, to commit other wrongful acts as alleged herein.

87.     Ganatra, BrandRep and Jabczynski converted, and/or will continue to convert, Business Solutions' property, including its Trade Secrets, for Defendants' own use and financial gain and without authorization and/or consent from Business Solutions.

88.     As a direct and proximate result of Ganatra's, BrandRep's and Jabczynski's conversion of Business Solutions' property, Business Solutions has incurred and continues to incur damages and irreparable injury, including without limitation, lost value, loss of sales and profits it would have earned but for Ganatra's, BrandRep's and Jabczynski's actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Business Solutions prays for judgment and relief as follows:

A.     Judgment in Business Solutions' favor that:

     1.     Defendants wrongfully misappropriated or used Business Solutions' Trade Secrets.

     2.     Ganatra, Americor, and BrandRep wrongfully aided and abetted Jabczynski in misappropriating Business Solutions' Trade Secrets.

     3.     Jabczynski breached his Agreement.

     4.     Ganatra, Americor, and BrandRep induced Jabczynski to breach his Agreement.

     5.     Defendants engaged in unfair competition.

     6.     Jabczynski breached the implied covenant of good faith and fair dealing.

     7.     Defendants improperly converted Business Solutions' property.

B.     Temporary, preliminary and permanent injunctive relief enjoining Defendants from:

     1.     Misappropriating and/or aiding and abetting in the misappropriation of Business Solutions' Trade Secrets.

     2.     Violating the terms of Jabczynski's Agreement.

     3.     Maintaining – and, correspondingly, requiring Defendants to promptly deliver and turn over to Business Solutions – any and all property of Business Solutions which is in Defendants' possession, custody or control.

C.     Compensatory damages.

D.     Disgorgement of profits.

E.     Constructive trust.

F.     Punitive and/or exemplary damages.

G.     Attorney's fees.

H.     Interests and costs.

I.     Such further and other relief as the Court may deem proper and just.

Respectfully submitted,

Dated:  August 10, 2018         By:  */s/ Lisa Kobialka*
                                        Lisa Kobialka
                                        **Kramer Levin Naftalis**
                                        **& Frankel LLP**
                                        990 Marsh Road
                                        Menlo Park, CA  94025
                                        Telephone:  (650) 752-1700
                                        Facsimile:  (650) 752-1800
                                        lkobialka@kramerlevin.com

*Attorneys for Plaintiff*
BUSINESS SOLUTIONS, INC.

## DEMAND FOR JURY TRIAL

Business Solutions demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:  August 10, 2018         By:  */s/ Lisa Kobialka*
                                          Lisa Kobialka
                                        **Kramer Levin Naftalis**
                                        **& Frankel LLP**
                                        990 Marsh Road
                                        Menlo Park, CA  94025
                                        Telephone:  (650) 752-1700
                                        Facsimile:  (650) 752-1800
                                        lkobialka@kramerlevin.com
                                        *Attorneys for Plaintiff*
                                        BUSINESS SOLUTIONS, INC.

22