1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
   JAMES M. BURGESS, Cal. Bar No. 151018
3  BRIDGET J. RUSSELL, Cal. Bar No. 288107
   1901 Avenue of the Stars, Suite 1600
4  Los Angeles, California  90067
   Telephone:  310.228.3700
5  Facsimile:   310.228.3701
   E-Mail:       jburgess@sheppardmullin.com
6                 brussell@sheppardmullin.com

7  Attorneys for Defendants
   BANIR GANATRA, ALLAN JABCZYNSKI
8  and AMERICOR FUNDING, INC.

9

10                 UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12

13
   BUSINESS SOLUTIONS, LLC, a          Case No.  8:18-cv-01426
14 Delaware limited liability company,
                                       **FIRST AMENDED ANSWER BY**
15              Plaintiff,              **DEFENDANTS BANIR GANATRA,**
                                       **AMERICOR FUNDING, INC, AND**
16        v.                           **ALLAN JABCZYNSKI; AND**
                                       **DEFENDANT AND**
17 BANIR GANATRA, an individual,       **COUNTERCLAIMANT JABCZYNSKI'S**
   ALLAN JABCZYNSKI, an               **FIRST AMENDED COUNTERCLAIM**
18 individual, AMERICOR FUNDING,
   INC., a Delaware corporation,
19 BRANDREP, LLC, a Delaware
   limited liability company, and
20 BRANDREP HOLDINGS, LLC, a
   Delaware limited liability company,
21
                Defendants.
22

23
                                       [Complaint filed August 10, 2018]
24

25

26

27

28

AMENDED ANSWER AND
                                               AMENDED COUNTERCLAIM

1

2

## AMENDED ANSWER

3      Defendants Banir Ganatra ("Ganatra"), Allan Jabczynski

4  ("Jabczynski") and Americor Funding, Inc. ("Americor") (collectively, the

5  "Americor Defendants") hereby amend their answer to the Complaint filed by

6  Plaintiff Business Solutions ("Plaintiff" or "Business Solutions") by admitting,

7  denying and alleging as follows:

8

9

## COMPLAINT

10      1.      Unnumbered paragraph 1 of the Complaint consists of Plaintiff's

11  characterization as to the nature of the action, to which no response is required.  To

12  the extent a response may be deemed to be required, the Americor Defendants admit

13  only that Plaintiff filed this action.  Except to the extent the allegations in

14  unnumbered paragraph 1 of the Complaint are specifically admitted, the Americor

15  Defendants deny each and every remaining allegation contained therein.

16

17      2.      In response to unnumbered paragraph 2 of the Complaint, the

18  Americor Defendants admit that BrandRep, LLC and BrandRep Holdings, LLC (the

19  "BrandRep Defendants") filed a lawsuit against Deirdre Mammano ("Mammano"),

20  Plaintiff and Mr. Chad Ruskey, among others, in the Chancery Court of the State of

21  Delaware.  Except to the extent the allegations in unnumbered paragraph 2 of the

22  Complaint are specifically admitted, the Americor Defendants deny each and every

23  remaining allegation contained therein.

24

25      3.      In response to unnumbered paragraph 3, the Americor

26  Defendants admit that Jabczynski applied for and was offered a job at Americor

27  while he was employed by Plaintiff.  Except to the extent the allegations in

28

unnumbered paragraph 3 of the Complaint are specifically admitted, the Americor Defendants deny each and every remaining allegation contained therein.

4.     Unnumbered paragraph 4 of the Complaint consists of Plaintiff's characterization as to the nature of the action, to which no response is required.  To the extent a response may be deemed to be required, the Americor Defendants admit that Plaintiff filed this action, and seeks the relief it seeks.  Except to the extent the allegations in unnumbered paragraph 4 of the Complaint are specifically admitted, the Americor Defendants deny each and every remaining allegation contained therein.

5.     In response to paragraph 1, the Americor Defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

6.     In response to paragraph 2, the Americor Defendants deny all of the allegations contained therein.

7.     In response to paragraph 3, the Americor Defendants admit all of the allegations contained therein.

8.     In response to paragraph 4, the Americor Defendants deny all allegations contained therein.

9.     In response to paragraph 5, the Americor Defendants admit that BrandRep Holdings, LLC is a Delaware limited liability company.  Except to the extent the allegations in paragraph 5 of the Complaint are specifically admitted, the Americor Defendants deny each and every remaining allegation contained therein.

-2-

10.     In response to paragraph 6, the Americor Defendants admit all of the allegations contained therein.

11.     In response to paragraph 7, the Americor Defendants respond that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, the Americor Defendants deny each and every allegation contained in paragraph 7.

12.     In response to paragraph 8, the Americor Defendants respond that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, the Americor Defendants admit only that venue is proper in this Court.  Except to the extent specifically admitted, the Americor Defendants deny the remaining allegations of paragraph 8.

13.     In response to paragraph 9, the Americor Defendants respond that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, the Americor Defendants admit that this Court has personal jurisdiction over Defendants, that Ganatra and Jabczynski reside within this Judicial District and that Americor and the BrandRep Defendants have a principal place of business within this Judicial District.  Except to the extent specifically admitted, the Americor Defendants deny the remaining allegations of paragraph 9.

14.     In response to paragraph 10, the Americor Defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

AMENDED ANSWER AND
AMENDED COUNTERCLAIM

15.     In response to paragraph 11, the Americor Defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

16.     In response to paragraph 12, the Americor Defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

17.     In response to paragraph 13, the Americor Defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

18.     In response to paragraph 14, the Americor Defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

19.     In response to paragraph 15, the Americor Defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

20.     In response to paragraph 16, Jabczynski admits that he signed an Acknowledgment that Plaintiff provided him with an Employee Handbook.  Except to the extent the allegations in paragraph 16 of the Complaint are specifically admitted by Jabczynski, he denies each and every remaining allegation contained therein.  Americor and Ganatra are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16, and on that basis deny each and every allegation contained therein.

AMENDED ANSWER AND
AMENDED COUNTERCLAIM

21.     In response to paragraph 17, the Americor Defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

22.     In response to paragraph 18, the Americor Defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

23.     In response to paragraph 19, the Americor Defendants are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

24.     In response to paragraph 20, Jabczynski admits that he was employed by Plaintiff dba Ad.IQ, from in or around November 2017 until July 5, 2018, in an inside sales position, responsible for business development and online marketing strategy consulting.  Jabczynski further admits that he signed his offer letter from Plaintiff upon accepting employment.  Jabczynski is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 20 and, therefore, except to the extent the allegations in paragraph 20 of the Complaint are specifically admitted by Jabczynski, he denies each and every remaining allegation contained therein.  Americor and Ganatra are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20, and on that basis deny each and every allegation contained therein.

25.     In response to paragraph 21, Jabczynski admits that he had access to a customer relationship management software program at Business Solutions.  Except to the extent the allegations in paragraph 21 of the Complaint are

specifically admitted by Jabczynski, he denies each and every remaining allegation contained therein.  Americor and Ganatra are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21, and on that basis deny each and every allegation contained therein.

26.     In response to paragraph 22, the Americor Defendants admit that Jabczynski applied for employment with Americor.  Except to the extent specifically admitted, the Americor Defendants deny the remaining allegations of paragraph 22.

27.     In response to paragraph 23, Jabczynski admits that, while employed by Plaintiff, he accessed Business Solutions customer relationship management software program, and properly kept records of the commissions he had earned.   Except to the extent the allegations in paragraph 23 of the Complaint are specifically admitted by Jabczynski, he denies each and every remaining allegation contained therein.  Americor and Ganatra are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23, and on that basis deny each and every allegation contained therein.

28.     In response to paragraph 24, Jabczynski denies all of the allegations contained therein.  Moreover, Ganatra and Americor are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

29.     In response to paragraph 25, Jabczynski denies all of the allegations contained therein.  Moreover, Ganatra and Americor are without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

-6-

30.     In response to paragraph 26, the Americor Defendants deny all of the allegations contained therein.

31.     In response to paragraph 27, the Americor Defendants respond that Plaintiff's allegations are legal conclusions for which no response is required. To the extent a response is required, the Americor Defendants deny all of the allegations contained therein.

## <u>COUNT I</u>

## **Misappropriation of Trade Secrets pursuant to 18 U.S.C. § 1836(b)**

## **(All Defendants)**

32.     In response to paragraph 28, the Americor Defendants repeat each and every of their respective allegations, admissions and denials contained in paragraphs 1 through 31, and incorporate same by reference as though fully set forth herein.

33.     In response to paragraph 29, the Americor Defendants state that this paragraph consists solely of legal propositions and conclusions for which no response is required.  To the extent a response is required, the Americor Defendants deny each and every allegation of paragraph 29.

34.     In response to paragraph 30, the Americor Defendants deny each and every allegation contained therein.

35.     In response to paragraph 31, the Americor Defendants deny each and every allegation contained therein.

36.     In response to paragraph 32, the Americor Defendants state that this paragraph consists solely of legal propositions and conclusions for which no response is required.  To the extent a response is required, the Americor Defendants deny each and every allegation of paragraph 32.

37.     In response to paragraph 33, the Americor Defendants state that this paragraph consists solely of legal propositions and conclusions for which no response is required.  To the extent a response is required, the Americor Defendants deny each and every allegation of paragraph 33.

38.     Paragraphs 34-39 are contained solely within Count II of the Complaint, which was dismissed with prejudice and, therefore, no response is required. To the extent a response is required, the Americor Defendants deny each and every allegation of paragraphs 34-39.

## COUNT III

**Misappropriation of Trade Secret pursuant to California Civil Code § 3426**
**(All Defendants)**

39.     In response to paragraph 40, the Americor Defendants repeat each and every of their respective allegations, admissions and denials contained in paragraphs 1 through 37, and incorporate same by reference as though fully set forth herein.

40.     In response to paragraph 41, the Americor Defendants deny each and every allegation contained therein.

41.     In response to paragraph 42, the Americor Defendants state that this paragraph consists solely of legal propositions and conclusions for which no

response is required.  To the extent a response is required, the Americor Defendants deny each and every allegation of paragraph 42.

42.      In response to paragraph 43, the Americor Defendants deny each and every allegation contained therein.

43.      In response to paragraph 44, the Americor Defendants deny each and every allegation contained therein.

44.      In response to paragraph 45, the Americor Defendants state that this paragraph consists solely of legal propositions and conclusions for which no response is required.  To the extent a response is required, the Americor Defendants deny each and every allegation of paragraph 45.

45.      In response to paragraph 46, the Americor Defendants state that this paragraph consists solely of legal propositions and conclusions for which no response is required.  To the extent a response is required, the Americor Defendants deny each and every allegation of paragraph 46.

46.      Paragraphs 47-54 are contained solely within Count IV of the Complaint, which was dismissed with prejudice and, therefore, no response is required. To the extent a response is required, the Americor Defendants deny each and every allegation of paragraphs 47-54.

SMRH:489221932.6

AMENDED ANSWER AND
AMENDED COUNTERCLAIM

## COUNT V

### Breach of Written Contract

### (Jabczynski)

47.     In response to paragraph 55, Jabczynski repeats each and every allegation, admission and denial contained in paragraphs 1 through 46, and incorporates same by reference as though fully set forth herein.

48.     In response to paragraph 56, Jabczynski admits that he signed his offer letter from Plaintiff upon accepting employment and that he signed an Acknowledgment that Plaintiff provided him with an Employee Handbook, but specifically denies that they are valid or enforceable.  Except to the extent specifically admitted, Jabczynski denies the remaining allegations of paragraph 56.

49.     In response to paragraph 57, Jabczynski states that this paragraph consists solely of legal propositions and conclusions for which no response is required.  To the extent a response is required, Jabczynski denies each and every allegation of paragraph 57.

50.     In response to paragraph 58, Jabczynski states that this paragraph consists solely of legal propositions and conclusions for which no response is required.  To the extent a response is required, Jabczynski denies each and every allegation of paragraph 58.

51.     In response to paragraph 59, Jabczynski denies each and every allegation of paragraph 59.

52.     In response to paragraph 60, Jabczynski states that this paragraph consists solely of legal propositions and conclusions for which no response is

-10-

AMENDED ANSWER AND
AMENDED COUNTERCLAIM

required.  To the extent a response is required, Jabczynski denies each and every allegation of paragraph 60.

53.     In response to paragraph 61, Jabczynski is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis deny each and every allegation contained therein.

54.     Paragraphs 62-74 are contained solely within Counts VI and VII of the Complaint, which was dismissed with prejudice and, therefore, no response is required. To the extent a response is required, the Americor Defendants deny each and every allegation of paragraphs 62-74.

## COUNT VIII

### Unfair Competition pursuant to Cal. Bus. & Prof. Code § 17200
### (All Defendants)

55.     In response to paragraph 75, the Americor Defendants repeat each and every of their respective allegations, admissions and denials contained in paragraphs 1 through 54, and incorporate same by reference as though fully set forth herein.

56.     In response to paragraph 76, the Americor Defendants state that this paragraph consists solely of legal propositions and conclusions for which no response is required.  Moreover, the Americor Defendants note that Plaintiff's eighth cause of action cannot be based on Defendants' alleged misappropriation of Plaintiff's Trade Secrets in violation of 18 U.S.C. §1836 and California Civil Code § 3426, as alleged in this allegation, pursuant to the Court's January 7, 2019 Order, and, therefore, no response is required to said allegation in paragraph 76.  To the

-11-

extent a response is required, the Americor Defendants deny each and every allegation of paragraph 76.

57.    In response to paragraph 77, the Americor Defendants state that this paragraph consists solely of legal propositions and conclusions for which no response is required.  To the extent a response is required, the Americor Defendants deny each and every allegation of paragraph 77.

58.    In response to paragraph 78, the Americor Defendants state that this paragraph consists solely of legal propositions and conclusions for which no response is required.  To the extent a response is required, the Americor Defendants deny each and every allegation of paragraph 78.

59.    Paragraphs 79-84 are contained solely within Count IX, which was dismissed with leave to amend, but for which Plaintiff did not file a timely amendment and, therefore, no response is required.  Paragraphs 85-88 are contained solely within Count X of the Complaint, which was dismissed with prejudice and, therefore, no response is required. To the extent a response is required, the Americor Defendants deny each and every allegation of paragraphs 79-84 and 85-88.

## **PRAYER FOR RELIEF**

60.    The Americor Defendants deny that Plaintiff is entitled to any form of relief and, based thereon, deny generally and specifically each and every allegation of Plaintiff's Prayer for Relief.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

61.     The Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against the Americor Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

62.     The Complaint, and each and every purported cause of action contained therein, is barred, in whole or in part, by the doctrine waiver by reason of the actions, acquiescence and course of conduct of Plaintiff, including, without limitation, Plaintiff's failure to take reasonable actions to ensure privacy protections once its allegedly proprietary information was disclosed publicly.

## THIRD AFFIRMATIVE DEFENSE

### (Offset)

63.     Even if there were a basis for an award of money damages in this action, the Americor Defendants would be entitled to an offset against any such award in the amount of any damages the Americor Defendants have suffered by virtue of Plaintiff's conduct, which, includes but is not limited to Plaintiff's: (1) fraud against Jabczynski (as alleged in the Counterclaim); and (2) conduct resulting in damages to Ganatra, subject to proof.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack Of Standing)

64.     Plaintiff lacks standing to assert any claim under Count VIII of for alleged Unfair Competition (Cal. Bus. & Prof. Code § 17200) because Plaintiff

-13-

AMENDED ANSWER AND
AMENDED COUNTERCLAIM

has not suffered an injury in fact and has not lost money or property as a result of any alleged non-trade secret conduct by the Americor Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Void as Against Public Policy)

65.     The contract provisions that Plaintiff seeks to enforce against Jabczynski are void as against public policy to the extent that, among other things, they (1) violate Jabczynski's Constitutional rights under the First Amendment, or (2) restrain Jabczynski from cooperating as a witness to Plaintiff's trade secret violations and fraudulent conduct, or (3) violate the litigation privilege.  To the extent the contract is voided, all causes of action that depend on that contract also fail.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

66.     The Complaint and each of the causes of action asserted therein are barred by Plaintiff's own unclean hands.  Among other things, Plaintiff has engaged in theft, fraud, and other unfair practices to solicit and divert BrandRep's customers and potential customers, including, through the improper copying, disclosure and use of the CRM Software or software based upon, or identical to, BrandRep's CRM Software.  Plaintiff also has engaged in fraud with respect to Jabczynski (as alleged in the Counterclaim), and fostered a culture of deceit among its employees.

SMRH:489221932.6

## SEVENTH AFFIRMATIVE DEFENSE

### (Non-Commercial Use)

67.     Plaintiff's claims are barred, in whole or in part, because the activity complained about constitutes non-commercial use, and, thus, is not actionable.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Economic Value)

68.     Plaintiff's claims are barred, in whole or in part, because the Americor Defendants did not derive any economic value from the information that allegedly was disclosed to it.

## NINTH AFFIRMATIVE DEFENSE

### (No Entitlement to Damages)

69.     Plaintiff is not entitled to recover damages in connection with its claim under California Business & Professions Code § 17200 et seq.

## TENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Restitution)

70.     Plaintiff is not entitled to recover restitution in connection with its claim under California Business & Professions Code § 17200 et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Conduct Not Unfair, Unlawful, or Fraudulent)

71.     Plaintiff's claims under California Business & Professions Code § 17200 et seq. are barred, in whole or in part, because the Americor Defendants' alleged conduct is not unfair, unlawful or fraudulent within the meaning of California Business & Professions Code § 17200 et seq.

-15-

## TWELFTH AFFIRMATIVE DEFENSE

### (No Business Conduct)

72.     Plaintiff's claims under California Business & Professions Code § 17200 et seq. are barred, in whole or in part, because the Americor Defendants' alleged conduct does not constitute "business conduct."

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

73.     Plaintiff's claims under California Business & Professions Code § 17200 et seq. are preempted by California Civil Code § 3426, et seq. to the extent they arise from the same nucleus of facts as the trade secret claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (The Americor Defendants Did Not Cause Injury Or Harm)

74.     Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff suffered any injury, harm or incurred any damages as alleged in the Complaint, which the Americor Defendants deny, any such injury or damage was not caused by the Americor Defendants but, if anything, was caused and brought about by the acts, conduct or omissions of individuals or entities other than the Americor Defendants and, as such, any recovery herein should be precluded or diminished in proportion to the amount of fault attributable to such other individuals or entities.

-16-

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unavailability of Injunctive Relief)

75.     Plaintiff is not entitled to injunctive relief, because any injury to it is not immediate and irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction and the public interest is best served by no injunction.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

76.     The Americor Defendants alleges that Plaintiff cannot recover any of the damages alleged in the Complaint to the extent such damages, if any, are too speculative to be recoverable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

77.     To the extent Plaintiff seeks punitive damages, such claim does not meet the requirements for pleading a right to exemplary and punitive damages and, moreover, fails to meet the requirements of California law, violates the Americor Defendants' due process rights protected by the U.S. and California Constitutions, and violates the U.S. Constitution's prohibition against excessive fines.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Independent Development)

78.     Plaintiff's claims for misappropriation of trade secrets under Federal and California law are barred as a result of the BrandRep Defendants' independent development of the alleged trade secrets at issue.

-17-

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Public Information)**

79. Plaintiff's claims for misappropriation of trade secrets under Federal and California law are barred because Plaintiff's alleged trade secrets are not non-public information.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Failure to Maintain Secrecy)**

80. Plaintiff's claims for misappropriation of trade secrets under Federal and California law are barred because Plaintiff failed to maintain the secrecy of the alleged trade secrets.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Illegal Contract)**

81. Plaintiff's claim for breach of contract is barred because the alleged contract(s) are illegal pursuant to California Civil Code §§ 1608 and 1667 in that they are contrary to good morals and impinge the public welfare by operating to forbid Jabczynski from disclosing Plaintiff's wrongful conduct described in the Counterclaim.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

82. Plaintiff failed to take reasonable steps to mitigate its alleged damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Damages)

83.     Even in Plaintiff's other allegations are true, Plaintiff did not suffer damages.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Void as Procured by Fraud)

84.     Plaintiff's claim for breach of contract is barred because the alleged contract(s) are void as a result of being procured by fraud as alleged in the Counterclaim.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Privilege/Justification)

85.     The Americor Defendants' alleged conduct is protected from liability through the operation of various privileges and/or justification:

(a)     The litigation privilege protects the Americor Defendants' alleged use of any of Plaintiff's claimed trade secret information in relation to the Delaware Court of Chancery action;

(b)     The manager's privilege protects Banir's alleged disclosure of any of Plaintiff's claimed trade secret information to the BrandRep Defendants because of his status of a member of BrandRep's board of directors; and

(c)     The Americor Defendants' actions are otherwise justified because exposing Plaintiff's fraud and misappropriation has a greater social value than insuring the stability of its contracts with Jabczynski or of the secrecy of its claimed trade secret information.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

86.     The Americor Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional affirmative defenses.  The Americor Defendants reserve their right to file an amended answer asserting additional affirmative defenses in the event that discovery indicates that they are appropriate.

## PRAYER FOR RELIEF ON PLAINTIFF'S COMPLAINT

WHEREFORE, the Americor Defendants pray for judgment as follows:

1.     That Plaintiff takes nothing by reason of the Complaint;

2.     That the Complaint, and each and every purported claim for relief alleged therein, be dismissed with prejudice;

3.     That the Americor Defendants be awarded their reasonable costs incurred herein; and

4.     That the Americor Defendants be awarded their reasonable attorneys' fees incurred herein; and

For such other and further relief as this Court deems just and proper.

SMRH:489221932.6

AMENDED ANSWER AND
AMENDED COUNTERCLAIM

# AMENDED COUNTERCLAIM

Defendant and Counter-claimant Allan Jabczynski ("Jabczynski") hereby amends his counterclaim and alleges against Plaintiff and Counter-defendant Business Solutions, LLC ("Business Solutions") as follows:

1.      Jabczynski seeks to recover damages, costs and attorneys' fees as a result of Business Solutions' fraud.  Jabczynski also seeks a declaration from the Court that the various agreements Business Solutions alleges Jabczynski breached (the "Alleged Agreements"), which allegedly purport to bar Jabczynski from disclosing Business Solutions' fraudulent business practices for use in litigation, are void because they: (1) were procured by Business Solutions' fraud; (2) are illegal; and (3) are contrary to public policy.

# JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter through the supplemental jurisdiction provisions of 28 U.S.C. § 1367(a), because this Counterclaim forms part of the same case or controversy as the original claims brought by Business Solutions over which this Court has original jurisdiction.  This Court also has subject matter jurisdiction over this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201.  It presents an actual case or controversy under Article III of the United States Constitution and serves the essential purpose of clarifying and settling the legal rights at issue.

3.      Venue in this Court is proper under 28 U.S.C. ¶ 1391 because Business Solutions does business and is subject to personal jurisdiction in this District, Business Solutions consented to venue in this District, and a substantial part

-21-

1  of the events or omissions giving rise to Jabczynski's claims occurred in this

2  District.

4  ## PARTIES

6      4.    Counter-claimant Jabczynski is an individual residing in Garden

7  Grove, California.

9      5.    Counter-defendant Business Solutions is a limited liability

10  company allegedly organized under the laws of the state of Delaware, with its

11  principal place of business allegedly located in Costa Mesa, California.

13  ## GENERAL ALLEGATIONS

15      6.    In or around the first week of November 2017, Jabczynski

16  applied for several jobs that he found on Indeed.com.  The job posting by Business

17  Solutions did not state the business' name.  However, within a day or two of

18  applying, Jabczynski was contacted telephonically regarding his application by

19  Jeffrey Barela, the sales training manager of Business Solutions.  Mr. Barela was

20  initially very illusive on the phone, he asked Jabczynski some basic questions,

21  whether he enjoyed talking to people, how his interpersonal skills were, and told

22  Jabczynski that he was hiring for a company named Ad.IQ.  At the end of that phone

23  call, Jabczynski was asked to come in to interview in person.

25      7.    On November 7, 2017, Jabczynski met in-person with Mr. Barela

26  and Mike Nordin, the sales department manager of Business Solutions, at Business

27  Solutions' Costa Mesa office.  During this second, in-person interview, Jabczynski

28  was provided more details regarding the proposed job, including that he would hold

-22-

AMENDED ANSWER AND
AMENDED COUNTERCLAIM

an inside sales position and would be selling search engine optimization and related internet marketing products to small and mid-sized businesses.  Prior to leaving, Jabczynski was told that he would receive an offer letter and other paperwork that same evening.

8.     And, indeed, on the evening of November 7, 2017, Jabczynski received an offer of employment from Ad.IQ ("Offer Letter"), which he accepted. The Offer Letter was disclosed prior to any employment relationship and without any confidentiality agreement, and it freely disclosed the commission rate and compensation that was being offered to Jabczynski.

9.     On November 8, 2017, Jabczynski began work for Business Solutions.  It was only then that Jabczynski was informed that the true corporate name of Ad.IQ was Business Solutions, LLC, when he was provided with a Notice to Employee of the true legal name and address of his employer along with other paperwork, as required by California Labor Code Section 2810.5.  During his employment, Jabczynski worked exclusively from Business Solutions' Costa Mesa address.

10.     Jabczynski's first five days of employment consisted of training, under Mr. Barela.  As part of this training, Mr. Barela instructed Jabczynski to falsely represent to third parties that Ad.IQ was based out of Las Vegas, Nevada, instead of Costa Mesa, where he was working and where it was actually located. During this training, Mr. Barela also informed Jabczynski of the names of Business Solutions' competitors, including BrandRep, LLC ("BrandRep").

11.     In performing his job, Jabczynski utilized a customer relationship management platform.  The customer relationship management

-23-

AMENDED ANSWER AND
AMENDED COUNTERCLAIM

platform provided Jabczynski with names of companies, from among the millions of small and mid-sized business in North America, that he should contact to offer Business Solutions' services ("Leads").

12. During the entirety of Jabczynski's employment, Jabczynski did not know that Business Solutions was utilizing an improper, illegal and illicit copy and/or version of a customer relationship management software program ("CRM Software") that rightfully was owned, to the exclusion of all others, by BrandRep. During the entirety of Jabczynski's employment, Jabczynski also did not know that, not only was Business Solutions improperly, illegally and illicitly using a version of BrandRep's CRM Software, but that, he is informed and believes, many of its Leads apparently were obtained through its use of "bots" that were surreptitiously and illegally placed within BrandRep's version of the CRM Software.

13. After he had been working at Business Solutions for a month or two, in or around December 2017 or January 2018, Jabczynski became aware that some of the veteran sales employees of Business Solutions, including Bibhor "Bob" Upreti and Josh Montelongo, were able to switch between the customer relationship management platform for Ad.IQ and a customer relationship management platform for BeRanked, to which Jabczynski did not have access. Jabczynski knew from his prior job searches, that BeRanked had been in the same industry as Ad.IQ, and upon inquiring as to why they were able to switch back and forth between the two different customer relationship management platforms, Mr. Upreti and Mr. Montelongo informed Jabczynski that Business Solutions changed its dba from BeRanked to Ad.IQ as a result of a lawsuit, but that they had access to look up leads that they had followed-up on when Business Solutions was still operating as BeRanked. Shortly after speaking with Mr. Upreti and Mr. Montelongo, Mr. Nordin instructed Jabczynski not to post such information on social media or otherwise,

including a specific directive not to change his employer information on social media profiles.

14.    In February 2018, a man who identified himself as Ron Gomez, but who Jabczynski was later made aware was named Ronald Ruskey, instructed Jabczynski, and the entire sales floor that unnamed "outside forces" were trying to take down Business Solutions, but that they were not at fault and Business Solutions would not be sued.

15.    Thereafter, in February or March 2018, Mr. Nordin instructed Jabczynski, and the entire the sales floor, that each time he closed a sale to a customer who has previously been contacted by BrandRep, or anytime anyone contacted him regarding BrandRep or mentioned BrandRep, he was to send an email to a specific email address at Ad.IQ with the customer's information.  This in-person speech was followed up with an email blast to the sales team reiterating that anything related to BrandRep needed to be sent to Ms. Deirdre Mammano, the Chief Executive Officer of Business Solutions.  Jabczynski was never told to send such an email for any other customers or competitors and was never told why such an email needed to be sent.

16.    Finally, in May or June 2018, Mr. Nordin and Ms. Mammano instructed Jabczynski, and the entire sales floor, to conceal the fact that Business Solutions dba Ad.IQ was in the business of selling search engine optimization, and instead to lie to third parties by saying that Ad.IQ was solely in the business of "Social Media Marketing."  It was around this time that Mr. Jabczynski began seeking employment elsewhere.

17.     As detailed above, Jabczynski became aware of Business Solutions' fraudulent business practices, all of which were concealed from him when he executed the Alleged Agreements, slowly over his tenure at Business Solutions.  But, Jabczynski did not become aware of the full extent of Business Solutions fraudulent business practices until after he had ceased his employment at Business Solutions, and had begun his new job with Defendant Americor Funding, Inc. ("Americor").  Specifically, when, after he had begun work at Americor, Defendant Banir Ganatra showed him BrandRep's customer relationship management platform and explained that Mr. Chad Ruskey and he had sold the rights to the CRM Software to the new owners of BrandRep.  In response, Mr. Jabczynski agreed to submit an affidavit in support of BrandRep's lawsuit in the Delaware Court of Chancery, acknowledging Business Solutions' use of a nearly identical customer relationship management platform, detailing his knowledge of Business Solutions' other fraudulent business practices and explaining his experience working within Business Solutions' culture of deceit.

18.     If Jabczynski had been aware of Business Solutions' fraudulent business practices and culture of deceit, as detailed in Paragraphs 10 through 16, at the time that he executed the Alleged Agreements he would not have executed the Alleged Agreements and thereby purportedly obligated himself to conceal said fraudulent business practices and refrain from exposing said fraudulent business practices to the public, the Delaware Court of Chancery or in any other litigation.

## FIRST CAUSE OF ACTION

### (Fraud—Concealment)

19.     Jabczynski incorporates by this reference the allegations contained in paragraphs 1 through 18, inclusive, as though set forth in full.

-26-

20.     During Jabczynski's interview process, which occurred both telephonically and in-person in the first week of November 2017, and in the Offer Letter, Business Solutions freely disclosed, without any confidentiality agreement, various details regarding the position Jabczynski was being offered and the job he would be asked to perform should he accept it, including, without limitation, the position he would hold, the type of work Business Solutions was engaged in, and the amount of his proposed compensation and commission rate.  However, Business Solutions intentionally failed to disclose the below material adverse facts, among other things, which were at that time known only to Business Solutions:

a)     that Business Solutions was improperly and illegally utilizing a copy and/or version of BrandRep's CRM Software and/or Data to run its business;

b)     that Business Solutions was improperly and illegally diverting customers from BrandRep through the use of "bots" placed within BrandRep's version of its CRM Software;

c)     that Business Solutions wanted him to lie to customers by saying that Business Solutions was based in Las Vegas, Nevada when, in fact, it was based out of Costa Mesa where he worked;

d)     that Business Solutions wanted him to conceal the fact that Business Solutions changed its dba from BeRanked to Ad.IQ, and to not post such information on social media or otherwise, including the specific directive not to change his employer information on social media profiles;

-27-

e)      that Business Solutions wanted him to conceal the fact that Business Solutions dba Ad.IQ was in the business of selling search engine optimization but, rather, to lie to third parties by saying that Ad.IQ was in the business of "Social Media Marketing"; and

f)      that Business Solutions had a culture of deceit.

21.     Jabczynski did not know any of the facts set forth above at the time he executed the Alleged Agreements, and he could not have otherwise discovered them.

22.     Business Solutions intended to deceive Jabczynski by failing to disclose and concealing the facts set forth above.

23.     If Business Solutions had disclosed the facts set forth above, Jabczynski would not have executed the Alleged Agreements and thereby purportedly obligated himself to conceal said fraudulent business practices and refrain from exposing said fraudulent business practices to the public, the Delaware Court of Chancery or in any other litigation.

24.     Jabczynski has suffered economic damages as a result of Business Solutions' fraud, in an amount to be proven at trial.  Jabczysnki has also suffered emotional distress because he reasonably relied on Business Solutions' failure to disclose the true nature of its business and its deceitful practices, and was instead improperly induced into working for a dishonest company and then sued for exposing Business Solutions' fraudulent business practices, as alleged above. Further, the Alleged Agreements should be rescinded due to Business Solutions' fraudulent conduct.

25.     Business Solutions' concealment was a substantial factor in causing Jabczynski's damages.  Jabczynski has suffered damages as a result of Business Solutions' conduct.

26.     Business Solutions conduct was intentional and undertaken with malice, fraud and oppression.  As a result, Jabczynski is entitled to an award of exemplary and punitive damages according to proof at trial.

## SECOND CAUSE OF ACTION

### (Declaratory Relief—28 U.S.C. Section 2201)

27.     Jabczynski incorporates by this reference the allegations contained in paragraphs 1 through 26, inclusive, as though set forth in full.

28.     An actual controversy has arisen and now exists between Jabczynski, on the one hand, and Business Solutions, on the other hand, concerning their respective rights and duties relating to the Alleged Agreements.  Jabczynski, by way of this Counterclaim, unilaterally rescinds those Alleged Agreements as having been procured by fraud, illegal and contrary to public policy.

29.     Business Solutions denies that the Alleged Agreements were procured through fraud, are illegal or are contrary to public policy, and, thus, that they are properly rescinded by Jabczynski.

30.     The Alleged Agreements were procured by fraud as alleged in detail above.  Moreover, the Alleged Agreements are illegal pursuant to California Civil Code Sections 1608 and 1667 in that by operating to forbid Jabczynski from disclosing Business Solutions' fraudulent business practices they are contrary to

-29-

good morals and impinge the public welfare.  Business Solutions' attempt to use the Alleged Agreements' to silence a witness to Business Solutions' improper and fraudulent conduct violates Jabczynski's First Amendment rights and thus is also contrary to public policy.

31.     A determination of the enforceability of the alleged agreements is necessary and proper at this time to avoid further prejudice to Jabczynski.

32.     Jabczynski desires a judicial determination as to the enforceability of the Alleged Agreements against him, and specifically requests that this Court declare the Alleged Agreements are rescinded and void ab initio.

## **PRAYER FOR RELIEF**

WHEREFORE, Counter-claimant Jabczynski prays that judgment be entered in this action against Counter-defendant Business Solutions as follows:

(1)     for special and general damages according to proof;

(2)     for compensatory damages against Counter-defendant Business Solutions to be proven at trial;

(3)     for punitive damages;

(4)     for a declaration that the various agreements Counter-defendant Business Solutions alleges Counter-plaintiff Jabczynski and it entered into in the Complaint (the Alleged Agreements) are void ab initio as a result of Counter-

-30-

defendant Business Solutions' fraud, as well as because they are illegal and contrary to public policy;

(5)    for enforcement of Jabczynski's rescission of the Alleged Agreements and his consequential damages related thereto;

(6)    for reimbursement of all expenses and costs of suit, including reasonable attorneys' fees and costs, court costs, and prejudgment interest, against Counter-defendant Business Solutions; and

(7)    for all other relief this Court deems to be fair, just, reasonable and appropriate.

Dated: March 11, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By      _s/ James M. Burgess_
JAMES M. BURGESS

Attorneys for Defendants
BANIR GANATRA, ALLAN JABCZYNSKI
and AMERICOR FUNDING, INC. and
Counter-Claimant ALLAN JABCZYNSKI

1

## **DEMAND FOR JURY TRIAL**

2

3      Counterplaintiff Jabczynski demands a jury trial on all issues so triable.

4

5   Dated: March 11, 2019

6                                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                              By            s/ James M. Burgess

9                                            JAMES M. BURGESS

10                                     Attorneys for Defendants
11                              BANIR GANATRA, ALLAN JABCZYNSKI
                                and AMERICOR FUNDING, INC. and
12                              Counter-Claimant ALLAN JABCZYNSKI

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED ANSWER AND
                                                                  AMENDED COUNTERCLAIM