LISA KOBIALKA (State Bar No. 191404)
KRAMER, LEVIN, NAFTALIS & FRANKEL
990 Marsh Road
Menlo Park, California 94025
Telephone: 650-752-1700
E-Mail: lkobialka@kramerlevin.com

RICHARD P. SYBERT (SBN: 080731)
rsybert@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008
Telephone: (619) 230-7768

Attorneys for Plaintiff, BUSINESS SOLUTIONS, LLC

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
MICHAEL BARRIE (Pro Hac Vice)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: 302-442-7010
Email: MBarrie@benesch.com

HOPKINS & CARLEY
JOHN V. PICONE III, Cal. Bar No. 187226
70 South First Street
San Jose, California 95113
Telephone: 408-299-1388
Email: jpicone@hopkinscarley.com

Attorneys for Defendants, BRANDREP, LLC and BRANDREP HOLDINGS LLC

SHEPPARD MULLIN RICHTER & HAMPTON LLP
JAMES M. BURGESS
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone: 310.228.3700
E-Mail:jburgess@sheppardmullin.com

Thomas Allen Moore
Brownstone Law Group PC
3186 Vista Way Suite 300
Oceanside, CA 92056
650-575-4991
tmoore@brownstonelawgroup.com

Attorneys for Defendants, BANIR GANATRA ALLAN JABCZYNSKI and AMERICOR FUNDING, INC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| BUSINESS SOLUTIONS, LLC,<br><br>Plaintiff.<br><br>v.<br><br>BANIR GANATRA, *et al.*,<br><br>Defendants. | Case No. 8:18-cv-01426-DOC KESx<br><br>~~PROPOSED~~ STIPULATED PROTECTIVE ORDER |
|---|---|

1.     A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable development, commercial, financial, technical and/or proprietary information, including source code, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential development or commercial information, including source code, as well as information implicating privacy rights of third parties, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over

confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.  <u>DEFINITIONS</u>

2.1  <u>Action</u>: this pending federal lawsuit.

2.2  <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3  <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4  <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5  <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL."

2.6  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and which the Designating Party in good faith and reasonably believes that disclosure of, other than as permitted pursuant to Paragraph 7.3 of this Order, is substantially likely to cause injury to the Designating Party.

2.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Other Action(s): the following actions may involve discovery of some or all of the same Protected Material produced in this Action: (1) *BrandRep, LLC, et al. v. Chad Ruskey, et al.*, pending in the Court of Chancery of the State of Delaware, Case No.: 2018-0541-MTZ; and (ii) *BR Marketing, Inc., et al. v. Chad Ruskey, et al*., pending in the Orange County Superior Court, Case No. 30-2018-01031255-CU- FR-CJC.

2.12    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.13    Party or Parties: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party, excepting the Court or court personnel.

2.18 <u>"HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL"</u> <u>Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and which the Designating Party in good faith and reasonably believes contains "Source Code." Source Code means extremely sensitive and confidential material representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which, other than as permitted pursuant to Paragraph 7.4 of this Order, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material;

and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), "HIGHLY CONFIDENTIAL" (hereinafter "HIGHLY CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL" (hereinafter "HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the

"CONFIDENTIAL legend," "HIGHLY CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. or follow the procedures for informal, telephonic discovery hearings on the Court's website.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on the parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. Subject to paragraph 7.2, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order, who shall be advised that the information is being disclosed pursuant and subject to the terms of this Order. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

These limitations on the access to and use of Protected Material shall not apply to any Protected Material that is or becomes part of the public record as a result of the Designating Party's conduct or with the Designating Party's prior written consent.

7.2 <u>Use of Protected Material in Other Actions</u>. This Order does not preclude any party from seeking, through permitted discovery methods in the Other Actions, any Protected Material produced in this Litigation, and using such

Protected Material in those Other Actions after such Protected Material is produced in the Other Action(s), provided that the Parties and their counsel enter into a Protective Order in each of the Other Lawsuits in order to protect any Protected Material produced in this Action. Until any Protected Material that is produced in this Action is produced or identified in the Other Actions by the party that produced it in this Action, the parties shall limit disclosure of such Protected Material to (1) discussions with Counsel for the parties in this Action or the Other Actions, (2) this Court or the courts in the Other Action(s) as needed to prosecute, defend, or otherwise resolve discovery disputes in the Other Actions, and (3) as otherwise permitted by this Order. This Order does not determine whether any Protected Material produced in this Action is relevant or discoverable in the Other Actions. This Court shall retain jurisdiction over any dispute regarding any disclosure or use of Protected Material produced in this Action, without prejudice to the courts in the Other Actions' jurisdiction, including concurrent jurisdiction, over any discovery dispute, including production or use, of any such Protected Material in the Other Actions.

7.3 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Parties, including their Counsel, to the extent deemed reasonably necessary by Outside Counsel of Record for the purpose of assisting in the prosecution or defense of this Litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

1    (d)    court reporters and their staff;

2    (e)    professional jury or trial consultants, mock jurors, and

3    Professional Vendors to whom disclosure is reasonably necessary for this Action and

4    who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5    (f)    the author or recipient of a document containing the information

6    or a custodian or other person who otherwise possessed or knew the information;

7    (g)    during their depositions, witnesses, and attorneys for witnesses, in

8    the Action to whom disclosure is reasonably necessary provided: (i) they confirm their

9    understanding and agreement to abide by the terms of this Order by making such a

10   statement on the record; or (ii) they sign the "Acknowledgment and Agreement to Be

11   Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by

12   the Court. Pages of transcribed deposition testimony or exhibits to depositions that

13   reveal Protected Material may be separately bound by the court reporter and may not

14   be disclosed to anyone except as permitted under this Order;

15   (h)    any mediator or settlement officer, and their supporting personnel,

16   mutually agreed upon by any of the parties engaged in settlement discussions; and

17   (i)    any other person only upon (i) order of the Court entered upon

18   notice to the Parties; or (ii) written stipulation of, or statement on the record by, the

19   Designating Party, and provided that such a person sign the "Acknowledgment and

20   Agreement to Be Bound" (Exhibit A).

21   7.4    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.

22   Unless otherwise ordered by the Court or permitted in writing by the Designating

23   Party, a Receiving Party may disclose any information or item designated "HIGHLY

24   CONFIDENTIAL" only to:

25   (a)    Counsel;

26

27

28

1       (b)     Experts (as defined in this Order) of the Receiving Party to whom
2  disclosure is reasonably necessary for this Action and who have signed the
3  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4       (c)     the Court and its personnel;

5       (d)     court reporters and their staff;

6       (e)     professional jury or trial consultants, mock jurors, and
7  Professional Vendors to whom disclosure is reasonably necessary for this Action and
8  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9       (f)     the author or recipient of a document containing the information
10 or a custodian or other person who otherwise possessed or knew the information;

11      (g)     any mediator or settlement officer, and their supporting personnel,
12 mutually agreed upon by any of the parties engaged in settlement discussions; and

13      (h)     any other person only upon (i) order of the Court entered upon
14 notice to the Parties; or (ii) written stipulation of, or statement on the record by, the
15 Designating Party, and provided that such a person sign the "Acknowledgment and
16 Agreement to Be Bound" (Exhibit A).

17      7.5    <u>Disclosure of "HIGHLY CONFIDENTIAL - SOURCE CODE</u>
18 <u>MATERIAL" Information or Items</u>. Unless otherwise ordered by the court or
19 permitted in writing by the Designating Party, a Receiving Party may disclose any
20 information or item designated "HIGHLY CONFIDENTIAL - SOURCE CODE
21 MATERIAL" only to:

22      (a)     Outside Counsel of Record;

23      (b)     Experts (as defined in this Order) of the Receiving Party to whom
24 disclosure is reasonably necessary for this Action and who have signed the
25 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26      (c)     the court and its personnel;

27      (d)     court reporters and their staff;

28

(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(h) any other person only upon (i) order of the court entered upon notice to the Parties; or (ii) written stipulation of, or statement on the record by, the Designating Party, and provided that such a person sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.6     To the extent that testimony is sought concerning Protected Material during any deposition, any Party may exclude any person from the deposition during such testimony if the Protected Material may not be disclosed to such person under the terms of this Order.

7.7     Notwithstanding Paragraph 7.2(b), 7.3(b) and 7.4(b) above, Protected Material may be provided to an Expert only to the extent necessary for such Expert to prepare a written opinion, to prepare to testify or to assist counsel in this Action, provided that such Expert (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any Competitor or potential  transaction counterparty of any Party, as far as the Expert can reasonably determine; and (ii) is using said Protected Material solely in connection with this Action.  Under no circumstances shall an expert or consultant who is a Competitor or an employee of a Competitor of a Party, or who is providing services to any of the foregoing, be provided access to Protected Material absent further order of the Court or consent of the Designating Party.  A "Competitor" is a person or entity endeavoring to engage in the same or similar lines of business, provide the same or

similar services, sell the same or similar products, and/or operate in the same markets, as well as any person or entity who are actually engaged in any of these activities.

7.8    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any "HIGHLY CONFIDENTIAL" information or item first must make a written request to the Designating Party that (1) sets forth the full name of the Expert, and (2) attaches a copy of the Expert's current resume.

7.9    A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within 7 days of delivering the request, the Designating Party delivers to the Party that seeks to make the disclosure, a written objection that the proposed Expert is a Competitor or an employee of a Competitor of a Party, or is providing services to a Competitor. Any such objection must set forth in detail the grounds on which it is based.

7.10    A Party that receives a timely written objection must meet and confer with the Designating Party pursuant to the meet and confer procedures applicable to discovery disputes, as provided in Local Rule 37.1.  If no agreement is reached, the Parties shall comply with the filing procedures applicable to discovery disputes, as provided in Local Rule 37.2, in bringing the issue to the attention of the Magistrate.

7.11    Counsel showing, providing or disclosing Protected Material to any person required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) pursuant to this Section shall be responsible for obtaining such signed Exhibit A and retaining the original, executed copy thereof.

7.12    Access to "HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL" Information or Items. To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as

"HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL" if it comprises or includes confidential, proprietary or trade secret source code.

(b)        Protected Material designated as "HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL" information.

(c)        Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers ("the Standalone Computer"), and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  No cell phones, mobile devices, cameras, imaging, or recording devices are allowed in the source code review room. The Receiving Party may take electronic notes on a second secured computer provided by the Producing Party with no camera, Internet access, or network access to other computers ("Note-Taking Computer").  No code may be copied onto the Note-Taking Computer or otherwise into the Receiving Party's notes.  No person other than the Producing Party may alter, dismantle, disassemble, or modify the Standalone Computer or Note-Taking Computer in any way, or attempt to circumvent any security feature of the Standalone Computer or Note-Taking Computer.  The Receiving Party may save the electronic notes in a container on the note-taking computer that is encrypted by the Receiving Party. The Producing Party shall also provide a maximum of two (2) encrypted USB drives

onto which the Receiving Party may copy such container that contain such notes at the end of a source code review session.  The Producing Party may observe the copying of such container but may not access or review the content of such container.  The Receiving Party shall be responsible for deleting the encrypted container and any notes and/or any files containing information remaining on the Note-Taking Computer that refer to, reference, or otherwise permit the review or reconstruction in whole or part of, such notes, including without limitation any temporary files or file fragments remaining on the Note-Taking Computer.  The Producing Party shall be prohibited from searching or mining for any notes and/or files containing information remaining on the Note-Taking Computer that refer to, reference, or otherwise permit the review or reconstruction in whole or part of, such notes, including without limitation any temporary files or file fragments remaining on the Note-Taking Computer, that inadvertently were not deleted by the Receiving Party.

(d)     The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.  In no event shall the number of printed pages of code exceed 100 pages total, regardless of the

number of review sessions, on 8.5" x 11" paper with a font no smaller than Courier 12 pt.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except that the Receiving Party may digitally image limited excerpts of the source code for inclusion in court filings or an expert report.  The Receiving Party may only make copies of portions of the source code for use at deposition.  Any copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - SOURCE CODE MATERIAL" Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order, and any Party issuing a subpoena to a Non-Party shall enclose a copy of this Order and notify the Non-Party that the protections of this Order are available to such Non-Party. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

12. <u>MISCELLANEOUS</u>

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. No modification shall have the force or effect of a Court order unless the Court approves the modification.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

12.4 Notwithstanding any provision of this Order, Mr. Ron Jamal Kort is prohibited from accessing any Protected Material; provided, however, that any Party may apply to the Court for good cause to permit Mr. Kort to access Protected Material.

13.    <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 30 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).  However, no Party will be required to comply with the terms of Paragraph 13 until after orders, dismissals, judgments or decrees have been entered in this Action and in the Other Actions finally disposing of the entirety of this Action and the Other Actions as to that Party.

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: May 1, 2019

*/s/ Lisa Kobialka*
LISA KOBIALKA (State Bar No. 191404)
KRAMER, LEVIN, NAFTALIS & FRANKEL
990 Marsh Road
Menlo Park, California 94025
Telephone: 650-752-1700
E-Mail: lkobialka@kramerlevin.com

RICHARD P. SYBERT (SBN: 080731)
rsybert@grsm.com
GORDON REES SCULLY
MANSUKHANI, LLP
5901 Priestly Drive, Suite 308
Carlsbad, CA 92008
Telephone: (619) 230-7768

Attorneys for Plaintiff, BUSINESS SOLUTIONS, LLC

DATED: May 1, 2019

*/s/ Bridget J. Russell*
SHEPPARD MULLIN RICHTER & HAMPTON LLP
JAMES M. BURGESS, Cal. Bar No. 151018
BRIDGET J. RUSSELL, Cal. Bar No. 288107
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone: 310.228.3700
E-Mail:     jburgess@sheppardmullin.com
            brussell@sheppardmullin.com

Thomas Allen Moore
Brownstone Law Group PC
3186 Vista Way Suite 300
Oceanside, CA 92056
650-575-4991
tmoore@brownstonelawgroup.com

Attorneys for Defendants, BANIR GANATRA,
ALLAN JABCZYNSKI and AMERICOR FUNDING, INC.

DATED: May 1, 2019

*/s/ John V. Picone III*
HOPKINS & CARLEY
JOHN V. PICONE III, Cal. Bar No. 187226
70 South First Street
San Jose, California 95113
Telephone: 408-299-1388
Email: jpicone@hopkinscarley.com

Attorneys for Defendants, BRANDREP, LLC
and BRANDREP HOLDINGS LLC

DATED: May 1, 2019

*/s/ Michael Barrie*
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
MICHAEL BARRIE (Pro Hac Vice)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: 302-442-7010
Email: MBarrie@benesch.com

Attorneys for Defendants, BRANDREP, LLC
and BRANDREP HOLDINGS LLC

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: __5/3/2019_____

_____
Honorable Karen E. Scott
United States District/Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of _Business Solutions v. Ganatra et al.,_ _Case No. 8:18-cv-01426-DOC (KESx)._ I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint_____[print or type full name] of_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____ _____

Printed name: _____

Signature: _____