BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
MICHAEL BARRIE (Pro Hac Vice)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: 302-442-7010
Email: mbarrie@benesch.com

HOPKINS & CARLEY
JOHN V. PICONE III, Cal. Bar No. 187226
70 South First Street
San Jose, California 95113
Telephone: 408-299-1388
Email: jpicone@hopkinscarley.com

Attorneys for Defendants, BRANDREP, LLC
and BRANDREP HOLDINGS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| BUSINESS SOLUTIONS, LLC,<br><br>  Plaintiff.<br><br>v.<br><br>BANIR GANATRA, an individual, ALLAN JABCZYNSKI, an individual, AMERICOR FUNDING, INC., a Delaware Corporation, BRANDREP, LLC, a Delaware Limited Liability Company, and BRANDREP HOLDINGS, LLC, a Delaware Limited Liability Company,<br><br>  Defendants. | Case No. 8:18-cv-01426-DOC KESx<br><br>**BRANDREP DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER STRIKING MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: The Honorable David O. Carter<br>Ronald Reagan Federal Building<br>411 West Fourth St., 9th Floor<br>Courtroom 9D<br>Santa Ana, California 92701<br><br>Complaint filed: August 10, 2018<br>Motion Cut-Off: November 18, 2019<br>Pretrial Conf.: January 13, 2020<br>Trial: February 11, 2020 |

614\3381926.1

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants BrandRep, LLC and BrandRep Holdings, LLC (collectively, "BrandRep"), submit this opposition to Plaintiff Business Solutions, LLC's ("Plaintiff") *Ex Parte Application for Order Striking Motion for Summary Judgment Filed in Violation of Local Rule 7-3 and Request for Sanctions Pursuant to Local Rules 11-9 and 83-7* (the "Motion to Strike"), and the authorities and Declaration of Rick Augustini (the "Augustini Declaration") in support thereof, and respectfully state as follows.

## I. INTRODUCTION

The record, as adopted in Exhibit 1 to the Augustini Declaration ("Augustini Ex. 1"), shows that BrandRep tried for nearly two weeks to head off the alleged harm upon which Business Solutions' Motion to Strike is premised. On October 6, 2019, more than two weeks before BrandRep filed its motion for summary judgment [ECF No. 161] (the "Summary Judgment Motion"), BrandRep sought to meet and confer with Business Solutions about extending, among others, the October 21, 2019 deadline to file a summary judgment motion. Only after prompting by BrandRep did Business Solutions substantively responded to BrandRep's request on October 14, 2019, more than a week after BrandRep's initial correspondence. In that response, Business Solutions rejected BrandRep's proposal, without making any counterproposal of its own. BrandRep followed up with a revised proposal later that day, but Business Solutions never responded. Faced with the October 21, 2019 deadline, BrandRep called Business Solutions' counsel regarding filing certain documents under seal and sent a final e-mail on October 18, 2019, and three days later filed the Summary Judgment Motion in accordance with the Court's scheduling order [ECF NO. 61] (the "Scheduling Order").

Business Solutions is not entitled to ex parte relief for the reasons set forth below. First, Business Solutions is, at least, partially responsible for the harms it alleges as a result of the Summary Judgment Motion being filed in compliance with

the motion cut-off date.  Second none of the alleged harm is "irreparable."  Finally, BrandRep substantially complied with Local Rule 7-3.  BrandRep raised the issue of the summary judgment deadline, thereby informing Business Solutions of its intent to move for summary judgment.  BrandRep also attempted to meet and confer regarding the substance of the motion in advance of filing it, but Business Solutions refused to substantively respond.  Moreover, none of the authority cited by Business Solutions deals with analogous facts, and none of the authority cited by Business Solutions supports the draconian and counterproductive relief that Business Solutions requests.  Accordingly, the Motion to Strike should be denied.

In the alternative, BrandRep respectfully requests that the Court grant BrandRep leave to re-file the Summary Judgment Motion at a later date in the near future.  For the reasons set forth in the Summary Judgment Motion, BrandRep believes that its position is meritorious, and that resolving the claims against BrandRep before trial will conserve judicial resources.

## II. FACTUAL BACKGROUND

On August 10, 2018, Business Solutions commenced this action by filing a complaint [ECF No. 1] (the "Complaint") against Banir Ganatra ("Ganatra"), Allan Jabczynski ("Jabczynski"), Americor Funding, Inc. ("Americor," and together with Ganatra and Jabczynski, the "Americor Defendants"), and BrandRep.

BrandRep is distinct from the Americor Defendants, despite Business Solutions' attempts to conflate the two, and is represented by separate counsel in these proceedings.  BrandRep's Summary Judgment Motion seeks to dismiss Business Solutions' claims against only BrandRep.

### A. Fact Discovery as to BrandRep and Business Solutions is Complete, and BrandRep Filed the Summary Judgment Motion in Compliance with the Scheduling Order.

Fact discovery as to BrandRep and Business Solutions is closed.  The Scheduling Order set July 31, 2019 as the fact discovery cut-off date.  Subsequently,

1  the parties stipulated, and the Court ordered, that certain fact depositions may
2  commence on agreed-upon dates after July 31, 2019 [ECF Nos. 125, 126].  The
3  following depositions occurred:  Rule 30(b)(6) deposition of Defendant Americor
4  Funding, Inc.; deposition of Defendant Banir Ganatra; deposition of Defendant
5  Allan Jabczynski; Rule 30(b)(6) deposition of Plaintiff Business Solutions;
6  deposition of Deidre Mammano; deposition of Jeffrey Barela; deposition of Jeff
7  Keiser; and Rule 30(b)(6) deposition of BrandRep.  The parties also stipulated, and
8  the court ordered, that the deadline for completion of all document production shall
9  be August 30, 2019, and that opening and rebuttal expert reports would be served on
10 September 13 and September 27, 2019, respectively. [ECF Nos. 128, 129].  Those
11 dates have passed, and in each of the foregoing stipulations, the parties agreed that
12 they were "not alter[ing] any other deadlines in the Scheduling Order."  *See* [ECF
13 Nos. 125 at p. 1:26-27; 128 at p. 2:22-23; 138 at p. 2:25-26; 147 at p. 6:15-16].

14       There are no pending discovery disputes involving BrandRep.  As such, fact
15 discovery as to BrandRep and Business Solutions is closed.  Business Solutions'
16 repeated statement in its Motion to Strike that "Defendants still have not produced
17 potentially relevant texts and other documents that the Special Master ordered them
18 to produce" is wholly inapplicable to BrandRep.  *See* Motion to Strike at 6:2-4,
19 13:4-6; Augustini Declaration at 6:21-23.  Rather, that statement refers to a
20 discovery dispute between Plaintiff and the Americor Defendants—not BrandRep—
21 that resulted in the reopening of the depositions of the Americor Defendants on
22 limited issues following the Americor Defendants' production of responsive
23 documents contained on certain mobile phones [ECF Nos. 147, 148].

24       As such, BrandRep's Summary Judgment Motion was made pursuant to the
25 motion cut-off date of November 18, 2019 (the "Motion Cut-Off Date"), set by the
26 Court's Scheduling Order.
27 / / /
28 / / /

### B. BrandRep Attempted to Consensually Extend the Motion Cut-Off Date.

BrandRep accurately recounted its good faith discussions with Business Solutions leading up to the filing of the Summary Judgment Motion and did not "misrepresent[] the true facts to the Court" in its notice of motion thereto (the "Notice of Motion"). Motion to Strike at 5:11-12; Notice of Motion 2:3-14. In full, the Notice of Motion provides the following account of BrandRep's discussions with Business Solutions:

> On October 6, 2019,[1] counsel for BrandRep requested that Plaintiff's counsel meet and confer regarding extending the summary judgment motion cut-off date to accommodate Plaintiff's intent to take the re-opened depositions of the Americor Defendants. As of October 18, 2019, Plaintiff's counsel had not responded to BrandRep's most recent proposal regarding an extended summary judgment deadline. Based on the parties' inability to reach an agreement on the summary judgment extension, BrandRep attempted to meet and confer regarding the substance of their summary judgment motion on October 18, 2019 pursuant to Local Rule 7-3. Plaintiff's counsel did not respond substantively, instead simply stating that BrandRep's meet and confer efforts were outside the 7 days required by Rule 7-3 and that Plaintiff was going to object to BrandRep's motion for summary judgment on that basis.

Notice of Motion 2:3-14.

As reflected in Augustini Ex. 1, BrandRep, cognizant of the Scheduling Order deadlines and the ongoing discovery dispute between Business Solutions and the Americor Defendants, attempted to meet and confer and reach a resolution with Business Solutions to extend the Motion Cut-Off Date, expressly noting the October 21, 2019 deadline to file motions for summary judgment. *See* Augustini

---

[1] For reasons unbeknownst to BrandRep, the initial e-mail in Augustini Ex. 1 is dated October 4, 2019. BrandRep acknowledges, however, as stated in the Augustini Declaration at 3:19-23, that the original e-mail requesting a meet and confer to extend the Motion Cut-Off date was sent on October 6, 2019.

Ex. 1 at p. 9 of 10. ("Under the Court's scheduling order [D.I. 61], motions for summary judgment must be filed no later than October 21, 2019 to meet the motion cut-off date of November 18, 2019.").[2] Ironically, such an extension would have alleviated the primary prejudice to Business Solutions raised in the Motion to Strike: having to respond to the Summary Judgment Motion while preparing for depositions of Americor Defendants. *See* Motion to Strike at 13:4-6.

Only after prompting from BrandRep did Business Solutions first respond on October 10, 2019, requesting a specific proposal. BrandRep responded the same day with a specific proposal and recommended that the parties agree to extend the Motion Cut-Off Date to a date in December 2019 with a corresponding revised summary judgment briefing schedule "[b]ecause the [current] summary judgment deadline is on October 21, 2019." Augustini Ex. 1 at p.7 of 10. Receiving no response, BrandRep again prompted Business Solutions to respond on the evening of October 11, 2019. *Id.* at p. 6 of 10.

On October 14, 2019, Business Solutions provided its first substantive response to BrandRep's proposal. Business Solutions stated that an extension would "*further* jam the plaintiff up," and criticized BrandRep's proposed briefing schedule (which was based on the Court's local rules) allowing "*one week*" for Business Solutions to oppose a motion for summary judgment. *Id.* at p. 5 of 10 (emphases in original); *see also id.* (further discussing purported discovery issues between Business Solutions and the Americor Defendants in which BrandRep is not involved). However, Business Solutions did not "clearly and unambiguously" refuse any extension, Motion to Strike at 8:22-23, 10:17-18, but rather ended its

---

[2] While irrelevant to its Motion to Strike, Business Solutions inaccurately states that Mr. Barrie, counsel to BrandRep, "*had not been involved in any of the communications.*" Motion to Strike at 8:19-20 (emphasis in original). It is clear from a review of Augustini Ex. 1 that Mr. Barrie was included on each link of the e-mail chain. *See generally* Augustini Ex. 1.

1  October 14 e-mail stating that it would consider a "*modest* continuance" of various
2  deadlines, Augustini Ex. 1 at p. 5 of 10 (emphasis in original).  BrandRep responded
3  later that day clarifying that the proposed briefing schedule was provided in
4  accordance with the Court's local rules, de-coupled its request regarding the
5  summary judgment dates from any modification to the trial date, and again
6  requested that Business Solutions agree to a "modest extension of the summary
7  judgment deadline to November 11." *Id.* at p. 4 of 10.  Business Solutions did not
8  respond to this request.

9  BrandRep, having received no further response from Business Solutions,
10 began to prepare to meet the October 21, 2019 summary judgment deadline imposed
11 in the Scheduling Order.  Business Solutions was well aware of the summary
12 judgment deadline that it had refused to extend despite BrandRep requests.  On
13 October 18, 2019, BrandRep called Business Solutions to discuss potential inclusion
14 of confidential information in its motion, and sent a final e-mail regarding
15 BrandRep's intent to file the Summary Judgment Motion by the Motion Cut-Off
16 Date.

17 **III.   ARGUMENT**

18 **A.   Business Solutions' Application for Ex Parte Relief is Improper.**

19 As the Court notes in its initial standing order, "ex parte applications 'are
20 nearly always improper.'"  Initial Standing Order Following Assignment of Civil
21 Case to Judge Carter at 3 (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191,
22 192-93 (C.D. Cal. 1989) (denying ex parte application for sanctions in the absence
23 of "any real urgency")).  The Motion to Strike here is no different because it fails to
24 show that Business Solutions will be (i) "irreparably prejudiced if the underlying
25 motion is heard according to regular noticed motion procedures," or (ii) "that the
26 moving party is without fault in creating the crisis that requires ex parte relief."
27 *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal.
28 1995) (denying application for ex parte relief).

Business Solutions cannot establish that it will be "irreparably prejudiced" if its motion is heard under regular noticed motion procedures, or that it is "without fault" for creating the "crisis" necessitating ex parte relief. Business Solutions' primary "harms" are all related to the timing of its opposition. *See* Motion to Strike at 12:22-13:11. In particular, Business Solutions' alleged "harm" that it "will have to spend the week opposing the motion rather than preparing for the depositions potentially relevant to the opposition that the Special Master ordered for *October 29-30, 2019*," is an issue that BrandRep explicitly raised in its October 6, 2019 e-mail to Business Solutions. *See* Augustini Ex. 1 at p. 9 of 10. Further, Business Solutions' alleged harm related to the production of text messages is clearly in relation to its purported discovery dispute with the Americor Defendants, not BrandRep. *See* Motion to Strike at 13:4-6; [ECF Nos. 147, 148 (stipulation resolving discovery dispute between Business Solutions and Americor Defendants regarding, among other things, discovery of text message)]. And in any event, that "harm," too, would have been alleviated by the brief extension that Business Solutions rejected. As such, Business Solutions is at least partially, if not entirely, at fault for creating the "crisis" necessitating BrandRep to file its Summary Judgment Motion on October 21, 2019, with Business Solutions' opposition due October 28, 2019, in accordance with the Scheduling Order and the Court's local rules.

The Court should therefore deny the Motion to Strike on this basis alone.

**B.   The Court Should Deny the *Ex Parte* Motion to Strike and Consider the Summary Judgment Motion on the Merits.**

Business Solutions' statement that BrandRep "failed to comply with Local Rule 7-3 in *any way shape or form*" is belied by the record. Motion to Strike at 5:6-8 (emphasis in original). Business Solutions is similarly wrong that BrandRep made a "*conscious decision*" to violate Local Rule 7-3. *See* Motion to Strike at 5:19-21 (emphasis in original). The above-detailed account and Augustini Ex. 1 show that BrandRep substantially complied with Local Rule 7-3 and, beginning October 6,

BRANDREP DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER STRIKING
MOTION FOR SUMMARY JUDGMENT                                                      8:18-CV-01426-DOC KESx

2019 (more than two weeks before BrandRep filed the Summary Judgment Motion), repeatedly reminded Business Solutions of the impending deadline to file summary judgment motions on October 21, 2019.  On October 18, 2019, faced with Business Solutions' silence in response to a reasonable extension request—a request that would have alleviated the very harm for which Business Solutions now seeks ex parte relief—BrandRep called Business Solutions to discuss the confidential filing of certain documents and e-mailed Business Solutions regarding the bases for its motion.  Again, Business Solutions never engaged substantively.  BrandRep did not "sandbag" Business Solutions and Business Solutions should not be surprised by BrandRep's filing of the Summary Judgment Motion in compliance with the Scheduling Order.  *See* Motion to Strike at 8:12-16.

Even if the Court finds that BrandRep did not substantially comply with Local Rule 7-3, BrandRep respectfully requests that the Court use its discretion to consider the Summary Judgment Motion on the merits because Business Solutions will suffer no real prejudice.  "Failure to comply with the Local Rules does not automatically require the denial of a party's motion, … particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply."  *CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) (considering motion on the merits); *see also Estate of Morad v. City of Long Beach*, 2017 WL 5187826, at *3 (C.D. Cal. Apr. 28, 2017) (considering motion on the merits filed four days after meet and confer "to comply with the controlling scheduling order" and where non-movant "had sufficient notice" and did "not claim any material prejudice resulting therefrom"); *Brodie v. Bd. of Trustees of California State Univ.*, 2013 WL 4536242, at *1 (C.D. Cal. Aug. 27, 2013) ("Because [non-movant] 'suffered no real prejudice ... the court elects to consider the motion on the merits.'") (citation omitted); *Reed v. Sandstone Props., L.P.*, 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013) (considering summary

/ / /

614\3381926.1                                    -8-

BRANDREP DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR ORDER STRIKING MOTION FOR SUMMARY JUDGMENT                                              8:18-CV-01426-DOC KESx

judgment motion on the merits holding that non-movant "suffered no real prejudice").

Business Solutions was fully aware that, without an extension, BrandRep would need to file the Summary Judgment Motion on October 21, 2019 in accordance with the Scheduling Order. BrandRep was clearly contemplating filing a motion for summary judgment or else it would not have repeatedly attempted to reach an agreement with Business Solutions on an extension of the Motion Cut-Off Date. Any prejudice suffered by Business Solutions is therefore of its own making. BrandRep repeatedly reminded Business Solutions of the impending deadline to file motions for summary judgment. *See generally* Augustini Ex. 1. Business Solutions largely refused to engage, first asking for BrandRep to make a proposal instead of agreeing to meet and confer, then rejecting BrandRep's proposal without making any proposal of its own other than a vague statement that it would consider a "modest" continuance, and, finally, ignoring BrandRep's last attempt to reach a resolution. *See generally* Augustini Ex. 1.

The primary prejudice that Business Solutions will allegedly suffer, *i.e.*, opposing the Summary Judgment Motion on October 28, 2019, was in Business Solutions' power to avoid if it had meaningfully engaged in discussions to extend the Motion Cut-Off Date. However, without an agreement to extend the Motion Cut-Off Date from Business Solutions, BrandRep was left with the choice of either missing the deadline in the Scheduling Order or complying by filing on October 21, 2019. BrandRep chose to comply with the deadline which should come as no surprise to Business Solutions.

Further, it is highly unlikely that any resolution could be reached regarding BrandRep's Summary Judgment Motion, because it seeks to dismiss Business Solutions' claims against BrandRep in their entirety. *See Ross v. White*, 2018 WL 4808535, at *7 (C.D. Cal. Oct. 2, 2018) ("The purpose of Local Rule 7-3 is to attempt to resolve the issues necessitating motion practice."). As noted, the record

1  as it pertains to BrandRep and Business Solutions has been closed for quite some
2  time; the parties have had ample opportunity to evaluate that record and are certain
3  to have fundamental disagreements regarding the legal significance of the facts.

4       As such, the Summary Judgment Motion does not cause Business Solutions
5  any real prejudice and the Motion to Strike may be denied on that basis alone.

6       **C.**    **The Cases Relied Upon by Business Solutions in Support of Its**
7              **Motion to Strike Are Distinguishable.**

8       The cases cited by Business Solutions are readily distinguishable.  Business
9  Solutions primarily relies upon this Court's prior decision in *Singer v. Live Nation*
10 *Worldwide, Inc.*, 2012 WL 123146 (C.D. Cal. Jan. 13, 2012) in support of its
11 Motion to Strike.  *See* Motion to Strike at 10-11.  However, as this Court has
12 discussed in a separate opinion, *Singer* involved "a summary judgment motion filed
13 six days before Christmas" where "the movant's attorney failed to *substantially*
14 comply with Local Rule 7–3 when he emailed and faxed his opponent's attorney,
15 *who was on vacation*, a mere three days before filing the motion."  *Broadwood Inv.*
16 *Fund LLC v. United States*, 2012 WL 4840703, at *9 n10 (C.D. Cal. Sept. 21, 2012)
17 (distinguishing *Singer*) (emphasis added), *rev'd and remanded on other grounds*,
18 611 F. App'x 440 (9th Cir. 2015).  Further, the movant in *Singer* failed to support its
19 argument related to ongoing discussions that should have put the non-movant on
20 notice with "any details regarding the dates or substance of these purported
21 conversations."  2012 WL 123146, at *2.

22      The circumstances here are vastly different than in *Singer*:  Business
23 Solutions did not first receive notice of BrandRep's intent to file the motion when
24 Mr. Augustini was on vacation in the days before Christmas (or any other holiday).
25 *See Broadwood Inv. Fund LLC*, 2012 WL 4840703, at *9 n.10 (distinguishing
26 *Singer*).  As discussed in detail above, BrandRep substantially complied with Local
27 Rule 7-3 and did not just contact Business Solutions three days before filing the
28 motion.  Rather, BrandRep's October 18, 2019 e-mail was preceded by BrandRep

repeatedly advising Business Solutions of the summary judgment filing deadline for nearly two weeks and asking to extend it, clearly indicating BrandRep's intent to comply with that deadline, as documented in the e-mail chain proffered by Business Solutions in support of its Motion to Strike. *See* Augustini Ex. 1.

*Linder v. Eason* is also distinguishable. There the court struck a motion, in part, because the Court could not "fully determine whether the parties' phone conversation," which occurred the day the motion was filed, "met the requirements of Local Rule 7-3." *Linder v. Eason*, 2018 WL 3816743, at *1 (C.D. Cal. May 11, 2018). Again, the record here shows that BrandRep substantially complied with Local Rule 7-3 by raising the issue of the upcoming summary judgment deadline with Business Solutions between October 6 and October 14, 2019 and e-mailing regarding the substance of BrandRep's Summary Judgment Motion on October 18. *See* Augustini Ex. 1. Also, as discussed in further detail below, this Court in both *Linder* and *Singer* eventually considered the motions for summary judgment at a later date.

The remaining cases on which Business Solutions relies are also distinguishable. In both *Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.* and *Thomas v. Brett Sports & Entertainment, Inc.*, the court first denied the motions at issue on substantive grounds before denying them on the additional basis of Local Rule 7-3. *See Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, 2009 WL 3346784, at *2-3 (C.D. Cal. Oct. 13, 2009); *Thomas v. Brett Sports & Entm't, Inc.*, 2016 WL 4472995, at *1-2 (C.D. Cal. Aug. 23, 2016). Specifically, in *Alcatel-Lucent* the court first denied a motion seeking to dismiss a complaint for lack of service, holding that plaintiff had complied with Fed. R. Civ. P. 4, and then also on the basis of Local Rule 7-3 finding that the motion "bordered on the frivolous." 2009 WL 3346784, at *2-4.[3] Similarly, in *Thomas*, the court first found that a

---

[3] The court in *Alcatel-Lucent* also found that had the movant "engaged in a good faith effort to discuss the motion with opposing counsel, it would have

motion to dismiss was untimely under Fed. R. Civ. P. 12(f), and then that denial was "also warranted" under Local Rule 7-3 noting the motion's "dual procedural deficiencies." 2016 WL 4472995, at *1-2 (further holding that "[e]ven if Defendants' Motion were [*sic*] not procedurally deficient, the substance of the Motion is also premature"). Even if the Court finds that BrandRep did not comply with Local Rule 7-3, the Summary Judgment Motion is far from frivolous and Business Solutions does not argue that the Summary Judgment Motion is otherwise improper, as were the motions in *Alcatel-Lucent* and *Thomas*.

Business Solutions has therefore failed to establish that BrandRep's motion should be denied pursuant to Local Rule 7-3 and the Motion to Strike should therefore be denied.

### D. In The Alternative, BrandRep Respectfully Requests That It Be Granted Leave to Re-File Its Motion for Summary Judgment.

As this Court has noted in discussing its prior opinion in *Singer*, "the Court's denial of the summary judgment order in *Singer* … did not mean that this Court blithely proceeded to trial, as Petitioners urge; rather, the movant in that case was able to once again file for summary judgment at a later date." *Broadwood Inv. Fund LLC*, 2012 WL 4840703, at *9 n.10. The defendant in *Linder* was similarly permitted to re-file its motion for summary judgment at a later date. *See* Request for Judicial Notice, **Exhibit A**, Order Granting Defendant's Ex Parte Application to Continue Motion Cut-Off at 2, *Linder v. Eason*, Case No. 8:17-cv-01294-DOC-JDE (C.D. Cal. May 18, 2018), ECF No. 29 (the "*Linder* Order").

As noted in the *Linder* Order, the defendant argued that the case should be considered on summary judgment "'to preserve judicial resources which would

---

realized that Plaintiffs complied with the minimal requirements of Rule 4." 2009 WL 3346784, at *4. By contrast here, the record is closed and all parties are aware of the relevant facts and legal authorities that bear on Plaintiff's claims against BrandRep. *See* Augustini Ex. 1.

otherwise be wasted on a needless trial.'" *Id.* at 1; *see also id.* at 2 (noting that the Court "is … interested in conserving judicial resources when possible"). As in *Linder*, judicial resources would similarly be preserved if the claims against BrandRep were resolved on summary judgment, as BrandRep believes is appropriate for the bases set forth in its Summary Judgment Motion.

Moreover, allowing BrandRep to refile its Summary Judgment Motion at a later date would resolve the alleged irreparable harm claimed by Business Solutions' by giving it more time to develop an opposition.

BrandRep therefore respectfully requests that, should the Court strike BrandRep's Summary Judgment Motion for failure to comply with Local Rule 7-3, that BrandRep be permitted to re-file a motion for summary judgment at a later date in the near future.

### E. BrandRep Did Not "Knowingly" Violate Local Rule 7-3 and Sanctions Are Not Appropriate.

BrandRep did not "*knowingly* violate[] Local Rule 7-3." Motion to Strike at 13:19-21 (emphasis in original). There is no record to support this statement. Even Business Solutions' Motion to Strike is internally inconsistent on this point: according to Business Solutions, BrandRep did not "know" about Local Rule 7-3. Motion to Strike at 8:2-3, 21-23. Even if that were the case, BrandRep was still faced with the October 21, 2019 deadline under the current Motion Cut-Off Date which BrandRep complied with by filing the Summary Judgment Motion in accordance with the Scheduling Order.

/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Business Solutions' Motion to Strike and consider BrandRep's motion on the merits or, alternatively, grant BrandRep leave to re-file the Summary Judgment Motion at a date in the near future.

Dated: October 23, 2019

                              HOPKINS & CARLEY
                              A Law Corporation

By    */s/ John V. Picone III*
        JOHN V. PICONE III
        Attorneys for Defendants
        BRANDREP, LLC and BRANDREP
        HOLDINGS, LLC